# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1426 |
| COMPLETE TITLE: | In the matter of the refusal of Brandon H. Bentdahl:<br><br>State of Wisconsin,<br>        Plaintiff-Appellant-Petitioner,<br>    v.<br>Brandon H. Bentdahl,<br>        Defendant-Respondent. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 345 Wis. 2d 848, 826 N.W.2d 123
(Ct. App. 2012 – Unpublished)

| | |
|---|---|
| OPINION FILED: | December 27, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 15, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, the cause was argued by *Michael C. Sanders*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general, and oral argument by *Michael C. Sanders*.

For the defendant-respondent, there was a brief by *Barry S. Cohen*, and *Barry S. Cohen, S.C.*, Elkhart Lake, and oral argument by *Barry S. Cohen*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP1426
(L.C. No. 2010TR8034R)

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the matter of the refusal of Brandon H. Bentdahl:**

**State of Wisconsin,**

      **Plaintiff-Appellant-Petitioner,**

  **v.**

**Brandon H. Bentdahl,**

      **Defendant-Respondent.**

**FILED**

**DEC 27, 2013**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Modified and affirmed and, as modified, cause remanded.*

¶1 N. PATRICK CROOKS, J. This is a review of an unpublished court of appeals' decision that reversed the circuit court.[1] The petitioner, the State, asks this court to determine

---

[1] State v. Bentdahl, No. 2012AP1426, unpublished slip op. (Wis. Ct. App. Dec. 6, 2012).

whether State v. Brooks[2] applies when a defendant fails to request a refusal hearing within the statutory ten-day time limit and chooses to plead not guilty to the underlying operating a motor vehicle while intoxicated (OWI) or OWI-related offense. The State further asks this court to determine whether Brooks continues to be good law considering Wisconsin's implied consent statute, Wis. Stat. § 343.305 (2009-10).[3]

¶2    This case arises from Brandon H. Bentdahl's refusal to consent to chemical testing to determine his blood alcohol level at the time of his November 17, 2010, arrest for OWI and operating with a prohibited alcohol concentration (PAC). Bentdahl pleaded not guilty to the OWI and PAC charges; he did not request a hearing on the refusal charge within the ten-day time limit.

¶3    After a jury acquitted Bentdahl of the OWI and PAC charges, the Columbia County Circuit Court, the Honorable Alan J. White, presiding, granted Bentdahl's motion to dismiss the refusal charge. It held that an alleged sloppily written date on the notice informing Bentdahl of the State's intent to revoke his operating privileges for his refusal, which he received at the time of his OWI/PAC arrest, both deprived him of proper

---

[2] State v. Brooks, 113 Wis. 2d 347, 335 N.W.2d 354 (1983). In Brooks, this court upheld a circuit court's discretionary decision to dismiss a refusal charge when the defendant had already pleaded guilty to the underlying OWI charge by the time of his refusal hearing. Id. at 348.

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

notice and deprived the circuit court of proper jurisdiction. The court of appeals reversed the circuit court's finding of improper notice, but remanded the case to the circuit court for that court to exercise its discretion as to whether to dismiss the refusal charge.

¶4 The State appealed, arguing that the court of appeals improperly extended the holding in Brooks when, relying on Brooks, it instructed the circuit court to determine whether it would exercise its discretion to dismiss the refusal charge. The State asks this court to hold that Brooks does not extend to situations where a defendant is acquitted of the underlying OWI and OWI-related charge at trial. In addition, the State asks this court to clarify whether Brooks is still good law.

¶5 Bentdahl argues that these questions are not properly before this court. He maintains that the court of appeals' decision was not adverse to the State and the State cannot appeal such a decision. As we will address, we conclude that the court of appeals' decision was, in part, adverse to the State; therefore, the State may appeal. In addition, Bentdahl argues that this case is not ripe for review and that the unique facts of this case make review unnecessary; however, these arguments are both undeveloped. Typically, this court does not address undeveloped arguments, State v. Gracia, 2013 WI 15, ¶28, n.13, 345 Wis. 2d 488, 826 N.W.2d 87, and we decline to do so in this instance.

¶6 We do not review the court of appeals' decision that notice was proper in this case, since that issue is not before

3

us.  The State's petition for review asked this court to address two issues related to State v. Brooks.  While Bentdahl opposed the State's petition for review, he did not ask this court to review the portion of the court of appeals' decision that found proper notice.  Additionally, neither party sets forth any argument regarding notice in the briefing to this court.

¶7  We conclude that the court of appeals improperly extended the holding of Brooks, when it held that a circuit court could dismiss a refusal charge under the circumstances presented by this case.  Under Brooks, a circuit court has the discretionary authority to dismiss a refusal charge only if the defendant has already pleaded guilty to the underlying OWI or OWI-related charge by the time of his or her refusal hearing, which was timely requested.  Extending Brooks to allow circuit courts the discretionary authority to dismiss refusal charges in cases where a defendant has pleaded not guilty to the underlying OWI, PAC, or other related charge would contravene the purpose of Wis. Stat. § 343.305, Wisconsin's implied consent statute. In other words, Brooks, which is longstanding precedent of this court, applies only when a defendant meets two requirements. Namely, a defendant must request a refusal hearing within the statutory ten-day time limit and must plead guilty to the underlying OWI or OWI-related charge.

¶8  The language of Wis. Stat. § 343.305(10) and our recent interpretation of that language in Vill. of Elm Grove v.

4

<u>Brefka</u>[4] make clear that a circuit court has no discretionary authority to dismiss a refusal charge when a defendant fails to request a refusal hearing within the statutory ten-day time period. Therefore we remand this case to the circuit court with instructions to impose the applicable penalties, including revocation of Bentdahl's operating privileges, due to his refusal to consent to chemical testing at the time of his OWI/PAC arrest, and his failure to request a refusal hearing within the statutory time period.

## I.   Background

¶9   The facts of this case are undisputed.  On November 17, 2010, a Portage police officer arrested Bentdahl for OWI and PAC violations.  The officer read Bentdahl all of the information required by Wis. Stat. § 343.305(4),[5] by using what is known as the "Informing the Accused" form.  Bentdahl refused the officer's request that he consent to a blood test, which is contrary to Wis. Stat. § 343.305(2).[6]  The officer transported

---

[4] <u>Vill. of Elm Grove v. Brefka</u>, 2013 WI 54, 348 Wis. 2d 282, 832 N.W.2d 121 (2013).

[5] Section 343.305(4) provides, in part, "If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties."

[6] Wisconsin Stat. § 343.305(2) provides:

Bentdahl to a local hospital, where hospital staff obtained a blood sample without incident.

¶10 Following the blood draw, the officer gave Bentdahl notice of intent to revoke his operating privileges as required by Wis. Stat. § 343.305(9).[7] Bentdahl did not request a hearing on the refusal charge within the ten-day time limit set forth in Wis. Stat. § 343.305(9)-(10). Therefore, the circuit court revoked his operating privileges on December 17, 2010.

---

Implied consent. Any person who is on duty time with respect to a commercial motor vehicle or drives or operates a motor vehicle upon the public highways of this state, or in those areas enumerated in s. 346.61, is deemed to have given consent to one or more tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity in his or her blood or breath, of alcohol, controlled substances, controlled substance analogs or other drugs, or any combination of alcohol, controlled substances, controlled substance analogs and other drugs, when requested to do so by a law enforcement officer under sub. (3) (a) or (am) or when required to do so under sub. (3) (ar) or (b). Any such tests shall be administered upon the request of a law enforcement officer. The law enforcement agency by which the officer is employed shall be prepared to administer, either at its agency or any other agency or facility, 2 of the 3 tests under sub. (3) (a), (am), or (ar), and may designate which of the tests shall be administered first.

[7] Pursuant to Wis. Stat. § 343.305(9)4., part of the notice given to Bentdahl contains the following language:

That the person may request a hearing on the revocation within 10 days by mailing or delivering a written request to the court whose address is specified in the notice. If no request for a hearing is received within the 10-day period, the revocation period commences 30 days after the notice is issued.

6

¶11 Bentdahl pleaded not guilty to the underlying OWI and PAC charges.  On January 5, 2012, a jury acquitted him of both charges.

¶12 Approximately two weeks later, Bentdahl's counsel approached the State to discuss what he claimed was a sloppily written date on the notice Bentdahl received at the time of his OWI/PAC arrest.  After viewing the date of notice and agreeing that the officer wrote out the date in a somewhat confusing fashion, the State agreed not to oppose Bentdahl's motion to vacate the refusal conviction.  The circuit court later granted Bentdahl's motion, vacated the refusal conviction, and scheduled a date for a hearing on the refusal charge.

¶13 The circuit court held a hearing on the refusal charge.  Bentdahl argued that the refusal charge should be dismissed based on a lack of proper notice or, alternatively, under Brooks, at the circuit court's discretion.  The circuit court determined that the officer's poor penmanship denied Bentdahl proper notice; therefore, the circuit court did not have jurisdiction.  Accordingly, the circuit court dismissed the refusal charge without reaching Bentdahl's alternative argument regarding the circuit court's discretion.

¶14 The court of appeals reversed the circuit court, reasoning that Bentdahl had proper notice.  The court of appeals held, "[t]he officer's writing the date as '111710' with a messy '0' did not make the notice defective."  State v. Bentdahl, No. 2012AP1426, unpublished slip op., ¶11 (Wis. Ct. App. Dec. 6, 2012).  It reasoned that "[i]t did not make sense to disregard

7

the ten-day and thirty-day deadlines in the notice by inserting slashes so as to come up with a date that was ten days before the incident, when the date without slashes matched the date of the incident." Id., ¶10.

¶15 The court of appeals, relying on Brooks, then remanded the case to the circuit court to address Bentdahl's alternative argument and determine whether that court would exercise its discretion to dismiss the refusal charge. In Brooks, this court held that a circuit court properly exercised its discretion in dismissing a refusal charge,

> when it based the dismissal upon the fact that Brooks had pleaded guilty to the underlying charge of operating a motor vehicle while under the influence of an intoxicant and, hence, the reason for the proceedings to impose sanctions for the refusal to take the intoxication test had been accomplished.

Brooks, 113 Wis. 2d at 348. From our holding in Brooks, the court of appeals reasoned that "[t]hese same purposes may be served where a court dismisses a refusal charge against a defendant who was acquitted before the refusal hearing, in a trial where intoxication evidence was presented, depending on all of the pertinent facts." State v. Bentdahl, No. 2012AP1426, unpublished slip op., ¶12 (Wis. Ct. App. Dec. 6, 2012).

¶16 The State asks this court to determine two issues related to Brooks. First, whether circuit courts can dismiss refusal charges when the defendant pleads not guilty to the underlying OWI, PAC, or other OWI-related charges. Second, whether the discretionary authority granted to circuit courts

8

under Brooks' holding is consistent with the mandatory language of Wis. Stat. § 343.305(9)-(10).

## II. Standard of Review

¶17 This case requires us to interpret the meaning of Wis. Stat. § 343.305, Wisconsin's implied consent statute. "The interpretation of a statute presents a question of law, which we review de novo." Meriter Hosp., Inc. v. Dane Cnty., 2004 WI 145, ¶12, 277 Wis. 2d 1, 689 N.W.2d 627. "Although we consider this question independent of the decisions of the circuit court and the court of appeals, we nevertheless benefit from their analyses." Id.

## III. Analysis

### A.

¶18 We are asked to interpret Wisconsin's implied consent statute and determine whether circuit courts have discretionary authority to dismiss refusal charges under different factual circumstances from those we previously addressed in Brooks. Wisconsin's implied consent statute provides that, by driving on Wisconsin's public roads, drivers give consent to "one or more tests of his or her breath, blood or urine" to identify the presence of intoxicating substances in his or her system if requested by law enforcement. Wis. Stat. § 343.305(2). Recently, we explained Wis. Stat. § 343.305 succinctly:

> Upon arrest of a person for violation of an OWI-related statute, a law enforcement officer may request the person to provide a blood, breath, or urine sample for chemical testing. Wis. Stat. § 343.305(3)(a). At the time of the request for a sample, the officer must read to the person certain information set forth in

§ 343.305(4), referred to as the Informing the Accused form.

If the person submits to chemical testing and the test reveals the presence of a detectable amount of a restricted controlled substance or a prohibited alcohol concentration, the person is subjected to an administrative suspension of his operating privileges. Wis. Stat. § 343.305(7)(a). The person has the right to an administrative hearing and to judicial review. Wis. Stat. § 343.305(8). The administrative hearing is limited to certain issues that are set forth by statute. Wis. Stat. § 343.305(8)(b)2.

If, on the other hand, the person refuses to submit to chemical testing, he is informed of the State's intent to immediately revoke his operating privileges. Wis. Stat. § 343.305(9)(a). The person is also informed that he may request a refusal hearing in court. Wis. Stat. § 343.305(9)(a)4.

State v. Anagnos, 2012 WI 64, ¶¶22-24, 341 Wis. 2d 576, 815 N.W.2d 675 (footnote omitted) (describing the 2009-10 version of Wis. Stat. § 343.305).

B.

¶19 We note that, although the facts of this case involve a warrantless blood draw to determine blood alcohol concentration, the Fourth Amendment is not at issue in this case. Just last term, the United States Supreme Court considered whether a warrantless blood draw from a suspected drunk driver could be upheld under the Fourth Amendment. Missouri v. McNeely, 133 S. Ct. 1552 (2013). The warrantless blood draw in this case occurred on November 17, 2010, before the April 17, 2013, McNeely decision and we reiterate that our decision today does not consider any issues related to warrantless blood draws.

¶20 Bentdahl challenges whether this case is properly before this court. Specifically, Bentdahl argues that the court of appeals' decision was not adverse to the State and, therefore, the State cannot appeal that determination. The State contends that the court of appeals determination was adverse, in part, to its position.

¶21 As a preliminary matter, we hold that the court of appeals issued a decision that was partially adverse to the State, which is sufficient to allow the State to appeal. A party may appeal "an adverse decision of the court of appeals" to this court. Wis. Stat. § 809.62(1m)(a). The Wisconsin statutes define an adverse decision as "a final order or decision of the court of appeals, the result of which is contrary, in whole or in part, to the result sought in that court by any party seeking review." Wis. Stat. § 806.62(1g)(a) (emphasis added). Furthermore, an adverse decision "includes the court of appeals' denial of or failure to grant the full relief sought or the court of appeals' denial of the preferred form of relief."[8] Wis. Stat. § 806.62(1g)(b). Here, the court

---

[8] We have previously clarified the meaning of an adverse decision in both Neely v. State, 89 Wis. 2d 755, 279 N.W.2d 255 (1979) and State v. Castillo, 213 Wis. 2d 488, 570 N.W.2d 44 (1997). In Neely, we determined that the meaning of "decision" is properly considered as the result reached by the deciding court and we held that "a party to whom the result is favorable may not petition for review of the decision simply because that party disagrees with the rationale expressed in the opinion." Neely, 89 Wis. 2d at 758. In Castillo, we further clarified that an adverse decision does not result merely because the court of appeals determined that certain issues were unnecessary to reach. Castillo, 213 Wis. 2d at 492.

11

of appeals ruled in favor of the State on the issue of notice. However, the court of appeals also remanded the case to the circuit court for that court to exercise its discretion as to whether to dismiss Bentdahl's refusal charge. This is not the relief requested by the State. Instead the State had requested that the court of appeals instruct the circuit court to enter a refusal conviction against Bentdahl. The court of appeals' instructions were a part of its decision, which denied the State the full relief that it sought; therefore, the State may appeal.

C.

¶22 We next consider several issues related to Brooks. First, we consider whether Brooks grants discretionary authority to circuit courts to dismiss refusal charges when the defendant chooses to plead not guilty to the underlying OWI or OWI-related charge. Second, we determine whether Brooks applies when a defendant does not request a refusal hearing within the ten-day time limit. Finally, we consider whether Brooks should be overruled.

¶23 The State argues that the court of appeals improperly extended the holding of Brooks when it remanded this case to the circuit court with instructions to decide whether or not it would choose to exercise its discretion to dismiss the refusal charge. The State asserts that the purpose of the implied consent statute is to gather evidence to secure convictions and remove drunk drivers from Wisconsin roads. It concludes that an extension of Brooks to the facts of this case does not achieve

12

the purpose of the implied consent statute, but rather, would encourage drivers to refuse to consent to chemical testing.

¶24 Furthermore, the State contends that that language of Wis. Stat. § 343.305(9)-(10), as interpreted by Brefka, 348 Wis. 2d 282, ¶4, does not allow a circuit court any discretionary authority, and that we must either overturn Brooks or limit its application to the 1979-80 version of the Wisconsin statutes, which that case considered. For these reasons, the State contends that the court of appeals should have remanded this case to the circuit court with instructions to impose the applicable penalties against Bentdahl on the refusal charge.

¶25 In contrast, Bentdahl asks this court to affirm the court of appeals' instructions to the circuit court. Under Bentdahl's interpretation, Brooks grants circuit courts broad discretionary authority to dismiss refusal charges regardless of the way the related OWI charges are resolved. This discretion, Bentdahl argues, is not limited to the factual circumstances contemplated in Brooks. Finally, Bentdahl argues that overturning Brooks and eliminating a circuit court's discretionary authority to dismiss refusal charges entirely would unnecessarily clog courts by discouraging guilty pleas to OWI-related offenses.

¶26 We agree with the State that the court of appeals improperly extended the holding of Brooks when it applied it to the facts of this case. We hold that circuit courts have no discretionary authority to dismiss refusal charges when the defendant chooses to plead not guilty to the underlying OWI or

13

OWI-related charge. We further hold that a circuit court has no discretionary authority to dismiss refusal charges when the defendant fails to request a refusal hearing within the ten-day time limit. However, as we will explain, we decline the State's invitation to overrule Brooks.

¶27 In Brooks, this court considered whether a circuit court had abused its discretion when it dismissed a refusal charge against a defendant who had already pleaded guilty to the underlying OWI charge at the time of his refusal hearing, which he had timely requested. Brooks, 113 Wis. 2d at 348-49; Wis. Stat. § 343.305(3)(b)4. (1979-80) (requiring that a refusal hearing be requested "on or prior to the citation return date"). In that case, we held that the circuit court "appropriately exercised its discretion." Brooks, 113 Wis. 2d at 348. Our analysis focused on the purpose of the implied consent statute and the fact that the defendant in Brooks had pleaded guilty to the underlying OWI charge. See id. at 348-49.

¶28 The purpose of Wisconsin's implied consent statute is to encourage drivers, upon a request by law enforcement, to submit to chemical testing. Id. at 348. This allows for the efficient gathering of evidence that may be used to secure drunk-driving convictions. Id.; State v. Neitzel, 95 Wis. 2d 191, 203, 289 N.W.2d 828 (1980).

¶29 Having established the purpose of the implied consent statute, to secure OWI-related convictions, our reasoning in Brooks then turned to whether this purpose was met when a defendant had already pleaded guilty to the underlying OWI

14

charge at the time of his or her refusal hearing. Brooks, 113 Wis. 2d at 353-57. We found "[i]f the person who is charged with OWI . . . subsequently pleads guilty, there no longer remains a need for penalties for failure to submit to a test which has become unnecessary in the particular case." Id. at 348-49.

¶30 The reasoning in Brooks did not broadly grant discretionary authority to circuit courts. See id. at 359. Instead the specific reasoning in Brooks was tied to the fact that the defendant pleaded guilty to the underlying OWI charge by the time of his refusal hearing, which he timely requested. See id. In Brooks, this court repeatedly reasoned that the purpose of the implied consent statute, to gather evidence to convict drunk drivers, was served when the defendant pleaded guilty to the underlying OWI charge. Id. In Brooks we stated:

> Accordingly, we conclude that the general purpose behind the laws relating to operating while under the influence of intoxicants and implied consent to take alcohol tests—to get drunk drivers off the road as expeditiously as possible and with as little possible disruption of the court's calendar—is best served by the exercise of discretion in the dismissal of a refusal case once there has been a plea of guilty to the OWI charge.

Id.

¶31 The reasoning in Brooks applies only when a defendant enters a guilty plea to the underlying OWI or OWI-related charge and when the defendant complies with the statutory time limit to request a refusal hearing. Unlike Brooks, Bentdahl did not plead guilty to the underlying OWI or PAC charges, and unlike

15

Brooks, Bentdahl did not request a refusal hearing within the ten-day time limit set forth in Wis. Stat. § 343.305(9)-(10). The policy reasons for allowing circuit courts discretionary authority to dismiss refusal charges simply do not apply when a defendant chooses to plead not guilty. This is especially true when a defendant, like Bentdahl, is acquitted of the underlying OWI-related charges. In other words, giving circuit courts discretionary authority to dismiss refusal charges when a defendant pleads not guilty to the underlying OWI-related charge would eliminate a great deal of the incentive to comply with the implied consent statute.

¶32 Furthermore, the language of the implied consent statute governing court-ordered penalties for refusal does not grant discretionary authority to circuit courts. See Wis. Stat. § 343.305(9)-(10). Wisconsin Stat. § 343.305(10) provides, in part, "[i]f no hearing was requested, the revocation period shall begin 30 days after the date of the refusal." Wis. Stat. § 343.305(10) (emphasis added). Per the statutory language, if no hearing is requested within the ten-day time period, then revocation is mandatory.

¶33 This court recently interpreted the language of Wis. Stat. § 343.305(9)(a)4. and (10)(a) and held that the ten-day time limit to request a refusal hearing is mandatory and not subject to excusable neglect. Brefka, 348 Wis. 2d 282, ¶4. Therefore, a circuit court has no competency to hear a defendant's request to extend the ten-day time period. Id.

16

¶34 Although Brefka considered the narrow question of whether a defendant could extend the ten-day time limit to request a refusal hearing due to excusable neglect, our decision in Brefka is instructive to our decision today. First, Brefka considered the meaning of "shall" in Wis. Stat. § 343.305(10)(a)[9] and concluded that the word is "mandatory" rather than "discretionary." Id., ¶34. Therefore, in Brefka, we concluded that "Wisconsin Stat. § 343.305(9)(a)4. and (10)(a) impose a mandatory requirement that the refusal hearing must be requested within ten days of service of the Notice of Intent. Id., ¶39. Second, we stated in Brefka that "[t]he penalty for a refusal followed by a failure to request a refusal hearing within ten days is also mandatory in requiring that '[i]f no hearing was requested, the revocation period shall begin 30 days after the date of the refusal.'" Id. (quoting Wis. Stat. § 343.305(10)(a)). The plain language of Wis. Stat. § 343.305(9)(a)4. and (10)(a) along with our recent interpretation of that language in Brefka leads us to conclude that a circuit court has no discretionary authority to dismiss a

---

[9] The relevant portion of Wis. Stat. § 343.305(10)(a) provides: "If no hearing was requested, the revocation period shall begin 30 days after the date of the refusal." (emphasis added).

17

refusal charge if the defendant does not request a refusal hearing within the statutory ten-day time limit.[10]

¶35 Finally, we decline the State's invitation to overrule Brooks. As previously discussed, Brooks is not applicable to this case since it presented a totally different fact situation. We see no reason to disturb the holding in Brooks. Our decision in Brooks is longstanding precedent that fosters plea agreements in OWI and OWI-related cases. As we stated in Brooks, when a defendant has pleaded guilty to the underlying OWI charge or charges by the time of the refusal hearing, "the exercise of discretion . . . by the trial court may well have the tendency to increase OWI convictions as well as to conserve limited judicial resources by encouraging guilty pleas and reducing the number of time consuming refusal hearings." Brooks, 113 Wis. 2d

---

[10] Although under Wis. Stat. § 967.055(2) a prosecutor may petition the court for a dismissal of a refusal charge, which a court seemingly could grant upon a finding that dismissal is in the public interest, the plain language of Wis. Stat. § 343.305(9)(a)4. and (10)(a) along with our recent interpretation of those statutory provisions in Brekfa lead us to conclude that a circuit court has no discretionary authority to dismiss a refusal charge if the defendant does not request a refusal hearing within the statutory ten-day time limit. Compare Wis. Stat. § 967.055 with Wis. Stat. § 343.305(9)(a)4. and (10)(a) and Brefka, 348 Wis. 2d 282, ¶¶4, 39. In addition, the defendant must also plead guilty to the underlying OWI or OWI-related charge.

We do recognize, however, that factual circumstances distinct from those at issue today may arise, which make a request for a refusal hearing within the ten-day time limit or entry of a plea of guilty impossible. We do not decide what the discretionary authority of the circuit court would be under such circumstances.

at 357. Brooks continues to grant circuit courts discretionary authority to dismiss refusal charges when a defendant requests a hearing within the statutory ten-day time period and pleads guilty to the underlying OWI or OWI-related offense.

## IV. Conclusion

¶36 We do not review the court of appeals' decision that notice was proper in this case, since that issue is not before us. We conclude, however, that the court of appeals improperly extended the holding of Brooks, when it held that a circuit court could dismiss a refusal charge under the circumstances presented by this case. Under Brooks, a circuit court has the discretionary authority to dismiss a refusal charge only if the defendant has already pleaded guilty to the underlying OWI or OWI-related charge at the time of his or her refusal hearing, which was requested timely. Extending Brooks to allow circuit courts the discretionary authority to dismiss refusal charges in cases where a defendant has pleaded not guilty to the underlying OWI, PAC, or other related charge would contravene the purpose of Wis. Stat. § 343.305, Wisconsin's implied consent statute. In other words, Brooks, which is longstanding precedent of this court, applies only when a defendant meets two requirements. Namely, a defendant must request a refusal hearing within the statutory ten-day time limit and must plead guilty to the underlying OWI or OWI-related charge.

¶37 The language of Wis. Stat. § 343.305(10) and our recent interpretation of that language in Brefka make clear that a circuit court has no discretionary authority to dismiss a

19

refusal charge when a defendant fails to request a refusal hearing within the statutory ten-day time period. Therefore we remand this case to the circuit court with instructions to impose the applicable penalties, including revocation of Bentdahl's operating privileges, due to his refusal to consent to chemical testing at the time of his OWI/PAC arrest, and his failure to request a refusal hearing within the statutory time period.

*By the Court.*—The decision of the court of appeals is modified and affirmed and, as modified, the cause remanded to the circuit court.