STARK, P.J.[1]
¶1 Lynda Morris's license to operate a motor vehicle was revoked due to her refusal to submit to a chemical test after her arrest for third-offense operating a motor vehicle while intoxicated (OWI). On appeal, Morris argues the circuit court erred by denying her motion to vacate the license revocation order. She claims the order is void because her procedural due process rights were violated when the revocation order was entered prior to the expiration of the statutory ten-day notice period within which she could request a hearing on the revocation. She also argues that the revocation of her operating privilege violates her Fourth Amendment rights because the charges stemming from the original arrest were ultimately dismissed following her successful suppression motion.
¶2 We agree with Morris that the circuit court erred by entering the revocation order prematurely. However, we conclude the error did not prejudice Morris so as to violate due process and render the revocation order void. Furthermore, the court properly determined that it lacked competency to dismiss or amend the revocation order because the statutory ten-day period expired without Morris requesting a hearing. For the same reason, we also conclude the court lacked competency to consider Morris's Fourth Amendment claim. We therefore affirm.
BACKGROUND
¶3 On January 27, 2017, Morris was arrested for third-offense OWI. Pursuant to WIS. STAT. § 343.305(2), police requested Morris to submit to a chemical test. She refused. As a result, Morris was issued a notice of intent to revoke her operating privilege. See § 343.305(9)(a). The notice of intent advised Morris that she had ten days to file a request for a hearing to contest the revocation in circuit court. Morris never filed a request for a hearing. At some time prior to the close of business on February 6, 2017, which was the tenth and final day Morris could have requested a hearing, the court ordered revocation of Morris's operating privilege.
¶4 Morris entered a not guilty plea to the third-offense OWI charge. Approximately six months later, Morris filed a motion with the circuit court to vacate the revocation order, arguing that it was void. Morris contended that the order was "premature" because the court entered the order too early when it did not afford her "the entire day of February 6, 2017 to request a hearing." Additionally, Morris argued that the order "must be vacated on Fourth Amendment grounds" because the OWI charge stemming from the original arrest was ultimately dismissed by the prosecution following Morris's successful suppression motion.
¶5 At a hearing on Morris's motion to vacate, the circuit court declined to find the order was entered prematurely. Although the court agreed with both parties that "the timing may have been critical" if Morris had requested a hearing, it concluded that the critical issue was not whether "[her operating privilege] was revoked on 9 days or 11 days or 20 days or 5 days," but "that she didn't request a hearing." It therefore concluded, as a matter of law, that "the [c]ourt no longer ha[d] competency to entertain a dismissal or amendment" once the ten-day period to request a hearing passed. The court did not specifically consider Morris's Fourth Amendment claim. Morris now appeals the court's order denying her motion to vacate the revocation order.
DISCUSSION
I. The circuit court erred when it entered the revocation order prematurely, but the error did not violate Morris's procedural due process rights.
¶6 Morris first argues that the revocation order is void per se because its entry before completion of the statutory ten-day period to request a refusal hearing "violated [her] due process [rights]." Whether the circuit court erred by entering a defective order is a question of law we review de novo. State v. Gautschi , 2000 WI App 274, ¶9, 240 Wis. 2d 83, 622 N.W.2d 24. Similarly, due process challenges present questions of law that we review de novo. See Teague v. Schimel , 2017 WI 56, ¶19, 375 Wis. 2d 458, 896 N.W.2d 286. We begin by analyzing whether the court erred by entering the revocation order prematurely.
¶7 When individuals refuse a chemical test in violation of WIS. STAT. § 343.305(2), the law affords them the opportunity to challenge whether their refusal was improper, but only if they request a hearing within ten days after service of the notice of intent to revoke their operating privilege. Sec. 343.305(10)(a). The ten-day period "shall be computed by excluding the first day and including the last." WIS. STAT. § 990.001(4).
¶8 In this case, Morris personally received the notice of intent on January 27, 2017. Thus, her ten-day period to request a refusal hearing began on January 28, 2017, and concluded at the end of the day on February 6, 2017. The record reflects Morris's revocation order was entered sometime prior to the circuit court's close of business on February 6, 2017. Accordingly, we conclude the court erred when it entered the order during the tenth day of the hearing request period, rather than after that date.
¶9 Morris asserts that the circuit court's error renders the revocation order void because it was "entered contrary to due process." We interpret Morris's due process argument as one involving procedural due process, as opposed to substantive due process, because Morris claims her property rights were affected without adequate opportunity to be heard. See Dixon v. Love , 431 U.S. 105, 111 (1977).
¶10 A driver's license is a property interest protected by the Due Process Clause of the United States Constitution. Bell v. Burson , 402 U.S. 535, 539 (1971). "As a general rule, due process requires that an individual be given notice and an opportunity to be heard before he or she may be deprived of his or her property." State v. Carlson , 2002 WI App 44, ¶11, 250 Wis. 2d 562, 641 N.W.2d 451 (2001). Due process, however, is "flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge , 424 U.S. 319, 334 (1976). The Supreme Court has held that a driver's license, while important, is not a private property interest that is "so great as to require" a prerevocation evidentiary hearing. Love , 431 U.S. at 113.
¶11 Because the demands of due process are flexible, an erroneous circuit court order that revokes an individual's operating privilege does not make that order void per se; instead, we look at the magnitude of the court's error. See Carlson , 250 Wis. 2d 562, ¶27. To that end, we first determine whether the court's error is "fundamental" or "technical." Id. , ¶24. A fundamental error is one that is "basic or elementary," whereas a technical error is more "insignificant or trifling." Id. , ¶24 n.8. We look to the purpose of the statute to determine whether the error is fundamental or technical. Id. If the statute's purpose was fulfilled notwithstanding the court's error, the error is technical. Id. If the error is technical, we must then determine whether the party was prejudiced by the error. Id. , ¶24. A court's error will not violate due process and void a court order when the aggrieved party experiences a nonprejudicial, technical error. Id. , ¶27.
¶12 We conclude that the revocation order's premature entry did not violate Morris's due process rights and the order is not void because the circuit court's error was technical and nonprejudicial to Morris. The court's error was technical because it was insignificant, as the timing of the order's entry did not impair Morris's ability to file a hearing request. In addition, the general purpose of WIS. STAT. § 343.305 was fulfilled by entry of the revocation order. Our supreme court has opined that the purpose behind § 343.305 and laws relating to operating while under the influence of intoxicants is to identify intoxicated drivers and remove them from roadways as expeditiously as possible with minimal disruption to a court's calendar. State v. McMaster , 206 Wis. 2d 30, 46, 556 N.W.2d 673 (1996). The order's early entry-while improper-nonetheless aligned with the statute's purpose. See Carlson , 250 Wis. 2d 562, ¶26. Thus, the court's error was technical, as opposed to fundamental.
¶13 Furthermore, the technical error did not prejudice Morris. A driver's license is not a property interest that requires an evidentiary hearing prior to revocation or suspension. Love , 431 U.S. at 113 ; Carlson , 250 Wis. 2d 562, ¶20. Due process requires only the opportunity to be heard at a meaningful time in a meaningful manner. See State v. Nordness , 128 Wis. 2d 15, 34, 381 N.W.2d 300 (1986). Here, the circuit court never deprived Morris of her opportunity to be meaningfully heard because she concedes that she never attempted to request a refusal hearing at any time, let alone within the ten-day period. Even if the court had delayed entering the revocation order until the entire ten-day period had elapsed, Morris would be in the same position as she is now; she would not have been entitled to a hearing. Because the court error was technical and nonprejudicial to Morris, we conclude that no due process violation occurred and that the court's revocation order is not void.
II. The circuit court properly concluded that it was not competent to vacate the revocation order.
¶14 Morris next claims that the circuit court erred when it determined it could not reopen the prematurely entered revocation order on her motion to vacate once the ten-day period to request a refusal hearing had elapsed. The court reasoned that "the mandatory revocation in the absence of a timely hearing request deprives the [c]ircuit [c]ourt of the ability to reopen a default revocation order," and Morris concedes that determination is substantially correct under State v. Bentdahl , 2013 WI 106, 351 Wis. 2d 739, 840 N.W.2d 704. However, she contends Bentdahl is distinguishable.
¶15 In Bentdahl , our supreme court held "that circuit courts have no discretionary authority to dismiss refusal charges when the defendant chooses to plead not guilty to the underlying OWI or OWI-related charge."Id. , ¶26. The court further held that a circuit court "has no discretionary authority to dismiss refusal charges when the defendant fails to request a refusal hearing within the ten-day time limit." Id. Nonetheless, Morris contends the supreme court "deferred for later decision the applicability of unusual circumstances," such as those present here where the due process violation occurred prior to the default by the motorist. Morris argues "there is no time limit on the inherent power of the court to attack a void order."
¶16 Morris's argument fails for two reasons. First, as Morris concedes, the circuit court applied the correct legal standard when it determined that it had "no discretionary authority to dismiss a refusal charge when a defendant fails to request a refusal hearing within the statutory ten-day time period." Id. , ¶37. As we have explained, Morris is not entitled to a refusal hearing due to her failure to timely request that hearing, regardless of whether the due process violation occurred before or after her default.
¶17 Second, Morris's argument is also based on her assumption that the revocation order is void, a premise that we reject. Bentdahl controls our decision. The circuit court properly determined that it had no discretionary authority to vacate Morris's revocation order because she failed to request a refusal hearing within the ten-day time limit.
III. The circuit court's inability to vacate the revocation order does not violate Morris's Fourth Amendment rights.
¶18 Finally, Morris contends that the revocation of her operating privilege violates the Fourth Amendment. Citing State v. Anagnos , 2012 WI 64, 341 Wis. 2d 576, 815 N.W.2d 675, she asserts "[t]he Department of Transportation cannot revoke a driver's license when a motorist refused a chemical test after being illegally arrested," and a "complete defense to a revocation notice is if the underlying arrest violates the Fourth Amendment."
¶19 Morris's reliance on Anagnos is misplaced. Anagnos merely stands for the proposition that a circuit court may consider at a prerevocation hearing whether an unlawful seizure occurred. Id. , ¶42. To be sure, if Morris had timely requested a refusal hearing, this defense would have been available to her. However, she did not make a refusal hearing request. We therefore affirm the circuit court's order denying Morris's motion to vacate the revocation order.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.