# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP393-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |         Plaintiff-Respondent, |
| |     v. |
| | Cortez Lorenzo Toliver, |
| |         Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 348 Wis. 2d 263, 831 N.W.2d 824
(Ct. App. 2013 – Unpublished)

| | |
|---|---|
| OPINION FILED: | July 23, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 3, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Racine |
|   JUDGE: | Faye M. Flancher |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, C.J., BRADLEY, J., dissent. (Opinion filed.) |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *Jeffrey O. Davis*, *Matthew C. Vogel*, *James E. Goldschmidt*, and *Quarles & Brady LLP*, Milwaukee, and oral argument by *James E. Goldschmidt*.


For the plaintiff-respondent, the cause was argued by *Katherine D. Lloyd*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

**2014 WI 85**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP393-CR
(L.C. No. 2009CF459)

STATE OF WISCONSIN : IN SUPREME COURT

**State of Wisconsin,**

  **Plaintiff-Respondent,**

 **v.**

**Cortez Lorenzo Toliver,**

  **Defendant-Appellant-Petitioner.**

**FILED**

**JUL 23, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 DAVID T. PROSSER, J. This is a review of an unpublished decision of the court of appeals.[1]

¶2 The case involves the prosecution of a juvenile offender in adult court.[2] Wisconsin's Juvenile Justice Code gives adult courts exclusive original jurisdiction over

---

[1] State v. Toliver, No. 2012AP393-CR, unpublished slip op. (Wis. Ct. App. Apr. 4, 2013).

[2] As used in this opinion, "adult court" means a court operating under the Criminal Procedure Code. "Juvenile court" refers to a court that is operating under the Juvenile Justice Code in Wis. Stat. ch. 938.

juveniles who are alleged to have committed certain serious offenses. Wis. Stat. § 938.183(1) (2009-10).[3] The statute also gives exclusive original jurisdiction over juveniles who are alleged to have <u>attempted</u> to commit a violation of Wis. Stat. § 940.01 (first-degree intentional homicide).  Wis. Stat. § 938.183(1)(am).

¶3  A juvenile who is charged in adult court with a violation of one of the offenses enumerated in § 938.183(1) is entitled to a preliminary examination under Wis. Stat. § 970.032(1).  The court must find that "there is probable cause to believe that the juvenile has committed <u>the violation</u> of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b), or (c), whichever is applicable," if the adult court is to retain exclusive original jurisdiction of the juvenile.  Wis. Stat. § 970.032(1) (emphasis added).

¶4  The issue in this case is whether the record demonstrates that the adult court made a sufficient probable cause determination in a § 970.032(1) preliminary hearing when it said that "there is probable cause to believe a felony has been committed."

¶5  Cortez Lorenzo Toliver (Toliver) was 16 years old when he was charged with attempted first-degree intentional homicide and possession of a dangerous weapon by a person under 18 after

---

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

shooting Dontai Gorman (Gorman) in the back.    As noted, attempted first-degree intentional homicide is an offense enumerated in Wis. Stat. § 938.183(1)(am).    Possession of a dangerous weapon by a person under 18——a misdemeanor——is not. At the preliminary hearing, Gorman discussed the details of the shooting, and an investigator with the Racine Police Department testified that Gorman had identified Toliver as the shooter with certainty.    The circuit court stated that "there is probable cause to believe a felony has been committed" and ordered a bindover.

¶6    Toliver later pled guilty to other charges.    After sentencing, Toliver appealed and argued in his reply brief[4] that the circuit court failed to find probable cause of a violation of the specific crime charged under Wis. Stat. § 938.183(1), as required by Wis. Stat. § 970.032(1).    The court of appeals declined to address the argument, relying on the rule that courts generally do not review issues raised for the first time in reply briefs.    Toliver now argues that the circuit court's probable cause determination was deficient and that the deficiency may be raised at any point in the proceedings because it implicates the court's subject matter jurisdiction.

¶7 Although Toliver raises an argument regarding jurisdiction, we will focus on a narrower issue that disposes of

---

[4] Although Toliver raised the issue of the sufficiency of the probable cause determination in the circuit court several months after the preliminary examination, he did not raise the argument in the court of appeals until his reply brief.

the case. The question we address is whether the record demonstrates that the circuit court made the requisite finding of probable cause to believe Toliver committed attempted first-degree intentional homicide as required by Wis. Stat. § 970.032(1).

¶8 We conclude the following.

¶9 First, when a juvenile is charged in adult court with a violation of one of the offenses enumerated in § 938.183(1), the juvenile is entitled to a preliminary examination under Wis. Stat. § 970.032(1) at which the court must find that "there is probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b), or (c), whichever is applicable," if the adult court is to retain exclusive original jurisdiction of the juvenile. Wis. Stat. § 970.032(1) (emphasis added). This means that the court should make a specific finding on the record that there is probable cause to believe the juvenile committed the specific Wis. Stat. § 938.183(1) crime charged in the complaint.

¶10 Second, if an adult court's determination of probable cause in a preliminary examination under Wis. Stat. § 970.032 relates to an unspecified felony and the facts are undisputed, an appellate court may review the record independently to determine whether the court did find "probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b), or (c), whichever is

4

applicable." Wis. Stat. § 970.032(1). A reviewing court may inspect the record ab initio to determine whether there is sufficient evidence to support a finding of probable cause. Cf. State v. Roger Williams, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601 (1981). The principal purpose of the specific probable cause finding is to ensure that the adult court has exclusive original jurisdiction over the juvenile. This purpose is served if, under the totality of the circumstances, the court implicitly finds probable cause for a Wis. Stat. § 938.183(1) crime charged in the complaint, and the record demonstrates there is probable cause for that specific offense.

¶11 Third, although the articulation of the probable cause determination in this case should have been more precise, the preliminary hearing transcript demonstrates that the circuit court found probable cause that Toliver committed attempted first-degree intentional homicide. Gorman testified that Toliver held a gun to his head, threatened to shoot him, and then shot him in the back. Toliver did not introduce any evidence of mitigating circumstances. The circuit court had the complaint and the information, both of which listed Toliver's date of birth at the top and contained only one felony charge and a charge for possession of a dangerous weapon by a person under 18. Toliver did not object that the court's probable cause be more specific, and the court did not discharge Toliver as would be required if it failed to find probable cause for the specific offense. Thus, the record demonstrates that when the court found probable cause to believe Toliver committed a

5

felony, the felony to which the court referred was attempted first-degree intentional homicide, the only felony with which Toliver was charged.

¶12 Because we conclude that the circuit court made the finding required by Wis. Stat. § 970.032(1), we need not reach the jurisdictional issue. See State v. Castillo, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (citation omitted) ("An appellate court should decide cases on the narrowest possible grounds."). Accordingly, the bindover and prosecution of Toliver in adult court were not improper.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶13 According to the complaint, on April 11, 2009, Toliver called Gorman and asked him to play dice so that Toliver could try to win back money that he lost to Gorman two days earlier. They met and shot dice for a couple of hours, during which Gorman won almost all of Toliver's money. According to Gorman, Toliver said he needed his money to get to Milwaukee and demanded that Gorman return it. Toliver then produced a handgun and "racked the slide."[5] Gorman turned to run away, and Toliver shot him once in the middle of the back. Toliver fled, leaving Gorman lying on the ground with no feeling in his legs. At the time of the shooting, Toliver was a little over 16 years old. Gorman was 23.

---

[5] The court of appeals explained that racking the slide "manually loads the chamber and cocks a semi-automatic pistol." State v. Toliver, No. 2012AP393-CR, unpublished slip op., ¶2. Racking the slide puts the round in the chamber so that the gun is ready to fire and arguably makes an "intimidating sound." See United States v. Morales, 684 F.3d 749, 753 (8th Cir. 2012).

6

¶14 About 8:56 p.m., City of Racine police officers were dispatched to the location of the shooting in Racine. When Investigator Don Nuttall (Investigator Nuttall) arrived, he found Gorman on the sidewalk. Gorman told Investigator Nuttall that "Cortez did this over a dice game." Investigator Nuttall found Toliver's phone at the scene of the incident and called Toliver's mother. Soon after Investigator Nuttall spoke with Toliver's mother on April 12, Toliver called and agreed to come to the Racine Police Department. When he was informed of his Miranda[6] rights, Toliver asked for an attorney and was arrested.

¶15 Gorman identified Toliver in a photograph array and said that he was certain that it was Toliver who shot him. On April 13, 2009, the State filed a complaint charging Toliver with attempted first-degree intentional homicide contrary to Wis. Stat. §§ 940.01(1)(a), 939.50(3)(a), and 939.32. The complaint also charged Toliver with possession of a dangerous weapon by a person under 18 years of age contrary to Wis. Stat. §§ 948.60(2)(a) and 939.51(3)(a).

¶16 The Racine County Circuit Court, Charles Constantine, Judge, held a preliminary hearing on May 7, 2009. Gorman testified by telephone from a hospital and said that Toliver shot him in the back and that as a result, he was paralyzed from the waist down. Gorman testified:

> He got angry, like very high tempered, and started to throw the dice and told me that I was going to have to give him all of his money back or else he

---

[6] Miranda v. Arizona, 384 U.S. 436 (1966).

7

would hit me. That was his way of saying shoot me, you know, otherwise he would shoot me.

Gorman stated that he was unarmed and that during the incident, Toliver "had the gun to [Gorman's] head." Gorman recounted the details of the shooting:

> [Toliver] pulled out a gun, and I thought he had kind of pulled up, like he was going to put it—like he was going to shoot me in the brain or in the head, and then you know, I kind of got scared, you know? He was trying to, basically, rob me, so I was kind of loose, like, scared. I don't be around guns like that. I didn't believe that he would shoot me at all, so you know, I turned around and ran with all of the speed that I had, and he shot me right in the back—

> . . . .

> He shot me right in the back, and then he went back. . . . He got his book bag and came up, you know, he ran. He ran. I'm pretty sure he thought I was dead.

¶17 Investigator Nuttall also testified that Gorman picked Toliver's picture out of a photograph array and identified him as the shooter with certainty. At the end of Investigator Nuttall's testimony, the State moved for bindover, and the defense responded with a general objection: "Object to bindover." The court stated, "I would note, there is probable cause to believe a felony has been committed. The testimony we have is from the victim. You have identification. You have a shooting. Bindover is ordered. I do have an information, two counts." Toliver waived the reading of the information and entered pleas of not guilty to both counts. The information to which the judge referred contained the same two counts as the complaint: attempted first-degree intentional homicide and

8

possession of a dangerous weapon by a person under 18.  The information listed Toliver's date of birth next to his name at the top of the document.

¶18  On July 28, 2009, Toliver filed a petition for reverse waiver pursuant to Wis. Stat. § 970.032(2).[7]  The petition requested an evidentiary hearing and asserted that the case should be transferred to juvenile court.  On September 10, 2009, Toliver filed a separate motion to reopen the preliminary hearing, and argued that the circuit court failed to make the

---

[7] "Reverse waiver" refers to the procedure by which an adult court transfers a case against a juvenile offender to juvenile court.  Wisconsin Stat. § 970.032(2) reads:

> (2)  If the court finds probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938.  The court shall retain jurisdiction unless the juvenile proves by a preponderance of the evidence all of the following:
>
> (a)  That, if convicted, the juvenile could not receive adequate treatment in the criminal justice system.
>
> (b)  That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.
>
> (c)  That retaining jurisdiction is not necessary to deter the juvenile or other juveniles from committing the violation of which the juvenile is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), whichever is applicable.

specific probable cause finding required by Wis. Stat. § 970.032.

¶19  On November 2, 2009, the Racine County Circuit Court, Faye M. Flancher, Judge,[8] held a motion hearing, which included argument on the motion for reverse waiver and on the motion to reopen the preliminary hearing.  Judge Flancher noted that at the preliminary hearing, "the Court did have at its disposal the court file which has Mr. Toliver's name and date of birth in bold on the face of the criminal complaint."  Judge Flancher stated:

> So clearly from this transcript the Court did indeed find probable cause that Cortez Lorenzo Toliver, that there was probable cause to support Count 1, attempted first degree intentional homicide, and Count 2, possession of a dangerous weapon by a person under the age of 18.
>
> . . . .
>
> And so the motion to reopen the preliminary hearing is denied, and the Court does find based on the preliminary hearing transcript that there is in fact probable cause based on that record supporting both Count 1, attempted first degree intentional homicide, and Count 2, possession of a dangerous weapon by a child.

The court also denied the motion for reverse waiver.

¶20  On June 3, 2011, Toliver filed a Plea Questionnaire/Waiver of Rights form in which he pled guilty to first-degree reckless injury while armed and attempted robbery

---

[8] According to Toliver's brief, Judge Flancher replaced Judge Constantine after a judicial rotation.

while armed.[9]  On June 6, 2011, consistent with the plea, the State filed an amended information charging Toliver with first-degree reckless injury by use of a dangerous weapon contrary to Wis. Stat. §§ 940.23(1)(a), 939.50(3)(d), and 939.63(1)(b) (Count 1), and with attempted robbery with threat of force by use of a dangerous weapon contrary to Wis. Stat. §§ 943.32(1)(b), 939.50(3)(e), and 939.63(1)(b) (Count 2).  At the sentencing hearing on July 7, 2011, the State requested that the court impose a lengthy prison sentence.  The court agreed and imposed consecutive sentences of 20 years of initial confinement and ten years of extended supervision for Count 1 and seven years of initial confinement and two and a half years of extended supervision for Count 2.  The judgment of conviction was filed on July 13, 2011.

¶21  On July 27, 2011, Toliver filed a notice of intent to pursue postconviction relief.  In his postconviction motion filed on December 14, 2011, Toliver requested sentence modification.  The circuit court denied the postconviction motion in an order filed January 23, 2012.  Toliver filed a notice of appeal on January 31, 2012.

¶22  On appeal, Toliver argued that the circuit court erred in denying his motion for reverse waiver and erroneously exercised its discretion with regard to the sentence it imposed. State v. Toliver, No. 2012AP393-CR, unpublished slip op., ¶1

---

[9] Toliver was 18 years old at the time he filed the plea questionnaire.

11

(Wis. Ct. App. Apr. 4, 2013).  In addition, Toliver argued in his reply brief that the circuit court did not comply with Wis. Stat. § 970.032 because it did not articulate a specific finding that there was probable cause to believe Toliver committed the crime with which he was charged.  Id., ¶29 n.5.  The court of appeals stated:

> We generally do not address arguments raised for the first time in a reply brief.  A.O. Smith Corp. v. Allstate Ins. Cos., 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).  We therefore decline to address Toliver's argument that the court failed at the preliminary examination to make the specific probable cause determination required by § 970.032.

Id.  The court of appeals affirmed the circuit court's judgment of conviction and order denying Toliver's postconviction motion.  Id., ¶29.

¶23 Toliver petitioned this court for review, which we granted on December 17, 2013.[10]

---

[10] In his petition for review, Toliver raised two issues:

  1.  Which prevails: the general rule that a defect of subject matter jurisdiction may be raised at any time, or the convention that the Court of Appeals will not address an argument first raised in a reply brief?

  . . . .

  2.  Where a Wisconsin court fails to make the specific probable cause finding required by Wis. Stat. § 970.032, does this failure cause the court to lose subject matter jurisdiction over the criminal proceeding, necessitating that the juvenile defendant be discharged?

## II. STANDARD OF REVIEW

¶24 Essentially, Toliver argues that the circuit court's probable cause finding was insufficient under Wis. Stat. § 970.032(1) to support the bindover, depriving the adult court of exclusive original jurisdiction.   When the principal facts are not in dispute or the presiding official failed to make factual findings at the preliminary hearing, the question of whether there is sufficient evidence to support a bindover is a question of law subject to de novo review.  See Williams, 104 Wis. 2d at 21-22; see also State v. Dunn, 121 Wis. 2d 389, 398-99, 359 N.W.2d 151 (1984); State v. Lindberg, 175 Wis. 2d 332, 340-41, 500 N.W.2d 322 (Ct. App. 1993); State v. Blalock, 150 Wis. 2d 688, 697, 442 N.W.2d 514 (Ct. App. 1989).   In the present case, the principal facts adduced at the preliminary hearing are undisputed.  Consequently, we review the preliminary hearing independently to determine whether the circuit court adequately determined that there was probable cause to support a bindover——that is, whether the circuit court determined that there was probable cause to believe that Toliver committed attempted first-degree intentional homicide.[11]

---

We need not address either question because we conclude that although the court's articulation of its findings at the preliminary hearing was not perfect, the record demonstrates that the circuit court found the specific probable cause required by Wis. Stat. § 970.032.  Thus, our analysis focuses on the preliminary hearing.

[11] We note that the above standards were articulated in the context of preliminary hearings conducted pursuant to Wis. Stat. § 970.03.   We conclude that they are applicable to preliminary hearings conducted pursuant to Wis. Stat. § 970.032 as well.

13

### III. DISCUSSION

¶25  This case centers around the preliminary hearing for a juvenile in adult court.  Thus, we begin with a brief discussion of the Juvenile Justice Code and the different probable cause requirements for adults and juveniles in adult court.

### A. The Juvenile Justice Code

¶26  The Juvenile Justice Code——Wis. Stat. ch. 938——became effective on July 1, 1996, after a substantial revision of the former Children's Code.  State v. Kleser, 2010 WI 88, ¶42, 328 Wis. 2d 42, 786 N.W.2d 144; 1995 Wis. Act 77.  Chapter 938 is intended to address juvenile delinquency and to "equip juvenile offenders with competencies to live responsibly and productively."  Wis. Stat. § 938.01(2).  Under Wis. Stat. ch. 938, juvenile courts generally adjudicate cases against delinquent juveniles ages ten and older.  Wis. Stat. § 938.12(1).  However, adult courts "have exclusive original jurisdiction over" the crimes enumerated in Wis. Stat. § 938.183(1), including attempted first-degree intentional homicide.  Wis. Stat. § 938.183(1)(am).

### B. The Differences between Preliminary Hearings for Adults and Preliminary Hearings for Juveniles in Adult Court

¶27  Wisconsin Stat. § 970.03 is the general statute on preliminary examinations in circuit court.  "A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant."  Wis. Stat. § 970.03(1) (emphasis added).  This statute applies to adults charged with

14

felonies, and to juveniles charged with felonies after they have been waived by the juvenile court into adult court. The main purpose of this preliminary examination is "to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." State v. John Williams, 198 Wis. 2d 516, 527, 544 N.W.2d 406 (1996) (quoting Bailey v. State, 65 Wis. 2d 331, 344, 222 N.W.2d 871 (1974)).

¶28 By contrast, the preliminary examination under Wis. Stat. § 970.032 is for juveniles prosecuted under original jurisdiction in adult court. This preliminary examination has a manifest purpose beyond assuring that the prosecution against a juvenile is well grounded. It is intended to determine whether the adult court has exclusive original jurisdiction over a juvenile who is alleged to have committed a violation of a specific offense enumerated in Wis. Stat. § 938.183(1)(a), (am), (ar), (b) or (c). Kleser, 328 Wis. 2d 42, ¶57. Consequently, the court is required to "determine whether there is probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(1) . . . ." Wis. Stat. § 970.032(1) (emphasis added). The statute then provides: "If the court does not make that finding, the court shall order that the juvenile be discharged but proceedings may be brought regarding the juvenile under ch. 938." Id. (emphasis added).

15

¶29 The juvenile "has a strong incentive . . . to negate that specific offense during the preliminary examination——to prevent the state from prevailing on the specific offense charged, or possibly, to deprive the criminal court of its 'exclusive original jurisdiction.'" Kleser, 328 Wis. 2d 42, ¶60.    Moreover, the juvenile may not use a reverse waiver hearing to contradict the previous finding of probable cause. Id., ¶68.

¶30 As Kleser suggests, the specific probable cause determination is designed to ensure that there is probable cause that the juvenile committed one of the crimes in § 938.183(1), so that the juvenile is tried in the correct court.    Probable cause to support a bindover exists in such a hearing when there is a reasonable probability "that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b) or (c)."    Wis. Stat. § 970.032(1); cf. Dunn, 121 Wis. 2d at 398; Roger Williams, 104 Wis. 2d at 22-23.

¶31 For Toliver, the specific crime for which the circuit court needed to find probable cause was attempted first-degree intentional homicide.    See Wis. Stat. § 938.183(1)(am).    A person commits attempted first-degree intentional homicide when he attempts to "cause[] the death of another human being with intent to kill that person."    Wis. Stat. §§ 940.01(1)(a), 939.32.    We turn now to Toliver's preliminary hearing to determine whether the record demonstrates that the circuit court made the required probable cause finding.

16

C. Toliver's Preliminary Hearing

¶32 It is abundantly clear from the transcript of the preliminary hearing that there was probable cause to believe Toliver attempted first-degree intentional homicide. Gorman testified that Toliver threatened to shoot him, held a gun to his head, and shot him in the back as he tried to get away. Investigator Nuttall testified that Gorman identified Toliver as the shooter with certainty. Thus, there was a reasonable probability that Toliver attempted to cause the death of Gorman with the intent to kill him. Because probable cause for the specific charge existed; because attempted first-degree intentional homicide was the only felony charged in the complaint; and because Toliver did not introduce any evidence to support a reduced charge, we conclude that when Judge Constantine found probable cause to believe Toliver committed a felony, he made the requisite finding under Wis. Stat. § 970.032 that there was probable cause to believe Toliver committed attempted first-degree intentional homicide.

¶33 When Judge Constantine concluded that there was probable cause to believe a felony had been committed, he referenced the shooting as well as an information he had been given that contained the charges. He said, "You have identification. You have a shooting. Bindover is ordered. I do have an information, two counts." The first count in the information was the only felony alleged: attempted first-degree intentional homicide. The second count was possession of a dangerous weapon by a person under 18. Thus, the judge referred

17

to a document that alerted him to the fact that the defendant before him was under 18 and that he was charged with a felony that sustained adjudication in adult court. In reviewing Judge Constantine's determination, Judge Flancher noted "that the Court did have at its disposal the court file which has Mr. Toliver's name and date of birth in bold on the face of the criminal complaint." Accordingly, the record demonstrates that Judge Constantine was aware that Toliver was a juvenile and found probable cause to believe that Toliver committed attempted first-degree intentional homicide.

¶34 This might be a different case if Toliver had introduced evidence of mitigating circumstances to support a charge that was not consistent with the exclusive original jurisdiction of the adult court. Toliver had a right and "a strong incentive" to offer evidence "to negate that specific offense during the preliminary examination." Kleser, 328 Wis. 2d 42, ¶60. He also had the right to request a specific probable cause finding or discharge of the juvenile. Had he done any of these things, it would be difficult to say that Judge Constantine found probable cause for attempted first-degree intentional homicide without saying more. This would be a different case if the judge had specifically stated that he did not find probable cause to believe Toliver committed attempted first-degree intentional homicide. However, in the absence of any mitigating evidence or finding of lack of probable cause, we conclude that the circuit court's probable

18

cause determination related to the felony charged and that the court's finding complied with Wis. Stat. § 970.032.

¶35  While the record demonstrates that Judge Constantine found probable cause to believe that Toliver committed attempted first-degree intentional homicide, his finding should have been more precise.[12]  Wisconsin Stat. § 970.032(1) requires the court to "first determine whether there is probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b), or (c), whichever is applicable."  Wis. Stat. § 970.032(1) (emphasis added).  Thus, when conducting a preliminary hearing pursuant to § 970.032, the court should: (1) acknowledge on the record that the individual being charged is a juvenile; (2) refer to the specific charge or charges that require adjudication in adult court under Wis. Stat. § 938.183(1); and (3) state on the record that there is probable cause to believe the juvenile offender has committed the specific crime or crimes charged.  The legislature intended that an adult court should be specific in its articulation of its probable cause finding against a juvenile offender to avoid appeals such as this one.  A general probable cause articulation will not always have the support of such a clear record to

---

[12] It must be acknowledged that Judge Constantine made his ruling a little over one year before this court's decision in Kleser.  State v. Kleser, 2010 WI 88, 328 Wis. 2d 42, 786 N.W.2d 144.  Kleser emphasized that the finding of probable cause should address the specific offense charged. Id., ¶57.

19

demonstrate that the judge complied with Wis. Stat. § 970.032(1).

<h2 style="text-align:center">IV. CONCLUSION</h2>

¶36 When an adult court conducts a preliminary hearing for a juvenile pursuant to Wis. Stat. § 970.032(1), the court should state specifically on the record whether it finds probable cause to believe that the juvenile committed the offense under Wis. Stat. § 938.183(1) that is charged in the complaint. Although specificity is strongly preferred, a general probable cause determination might comply with Wis. Stat. § 970.032(1) if the totality of the circumstances demonstrates that the court's finding related to the charged offense under Wis. Stat. § 938.183(1). Despite the fact that the court in this case did not specifically refer to the charged felony under Wis. Stat. § 938.183(1)(am), the totality of the circumstances leaves no doubt that there was probable cause to believe Toliver attempted first-degree intentional homicide and suggests that the judge made the specific finding required by Wis. Stat. § 970.032(1). Thus, the bindover and prosecution of Toliver in adult court were not improper.

*By the Court.*—The decision of the court of appeals is affirmed.

¶37 SHIRLEY S. ABRAHAMSON, C.J. *(dissenting).* The legislature has declared that a circuit court must make particular findings in a preliminary hearing in order to establish original adult court jurisdiction over a juvenile.[1] <u>See</u> Wis. Stat. § 970.032(1).

¶38 Section 970.032(1) reads as follows:

(1) Notwithstanding s. 970.03, if a preliminary examination is held regarding a juvenile who is subject to the original jurisdiction of the court of criminal jurisdiction under s. 938.183(1), <u>the court shall first determine whether there is probable cause to believe that the juvenile has committed the</u>

---

[1] Like the majority opinion, I do not address the issue of subject matter jurisdiction in the instant case. Majority op., ¶23 n.10.

Substantial confusion exists in the case law on the meaning of the terms "jurisdiction," "subject matter jurisdiction," "jurisdictional error," and "competence" of the courts. The jurisprudence concerning subject matter jurisdiction and a circuit court's competence to exercise its subject matter jurisdiction is "murky at best." <u>See</u> <u>State v. Bush</u>, 2005 WI 103, ¶16, 283 Wis. 2d 90, 699 N.W.2d 80. <u>See also</u> <u>Xcel Energy Servs., Inc. v. LIRC</u>, 2013 WI 64, ¶¶62-65, 349 Wis. 2d 234, 833 N.W.2d 665 (Abrahamson, C.J., concurring); <u>Miller Brewing Co. v. LIRC</u>, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993); <u>Shopper Advertiser, Inc. v. DOR</u>, 117 Wis. 2d 223, 237, 344 N.W.2d 115 (1984) (Abrahamson, C.J., concurring in part and dissenting in part).

<u>Compare, e.g.,</u> <u>Village of Trempealeau v. Mikrut</u>, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190 ("[T]he subject matter jurisdiction of the circuit courts cannot be curtailed by state statute.") <u>with</u> majority op., ¶29 ("The juvenile 'has strong incentive . . . to negate that specific offense during the preliminary hearing——to prevent the state from prevailing on the specific offense charged, or possibly, <u>to deprive the criminal court of its "exclusive original jurisdiction."</u>'") (citing <u>State v. Kleser</u>, 2010 WI 88, ¶60, 328 Wis. 2d 42, 786 N.W.2d 144) (emphasis added).

1

> violation of which he or she is accused under the circumstances specified in s. 938.183(1)(a), (am), (ar), (b), or (c), whichever is applicable. If the court does not make that finding, the court shall order that the juvenile be discharged but proceedings may be brought regarding the juvenile under ch. 938.

Wis. Stat. § 970.032(1) (emphasis added).

¶39 At the defendant's preliminary hearing, the circuit court failed to make the required statutory finding. Rather, the circuit court stated the following:

> [T]here is probable cause to believe a felony has been committed. The testimony we have is from the victim. You have identification. You have a shooting. (Emphasis added.)

¶40 The circuit court found probable cause to believe "a felony" had been committed. "A felony" could refer to any number of crimes, not all of which would support proceedings in adult criminal court for a juvenile. The circuit court did not determine that "there is probable cause to believe that the juvenile has committed the violation of which he . . . is accused . . . ." (emphasis added).

¶41 The majority opinion rewrites the transcript of the preliminary hearing to conclude that the circuit court made the required findings. The majority opinion declares, in effect, that the circuit court did not mean what it said on the record.[2]

¶42 Unlike the majority opinion, I cannot conclude that the circuit court complied with Wis. Stat. § 970.032(1). If a circuit court fails to make the finding required by Wis. Stat. § 970.032(1), the statute provides a remedy; it mandates that the circuit court "shall order that the juvenile be discharged"

---

[2] Majority op., ¶¶32-35.

2

(emphasis added). See also State v. Kleser, 2010 WI 88, ¶64, 328 Wis. 2d 42, 786 N.W.2d 144.

¶43 This court should follow the statute. See, e.g., State v. Romero-Georgana, 2014 WI 83, ¶85, ___ Wis. 2d ___, ___N.W.2d ___ (Bradley, J., dissenting); State v. Douangmala, 2002 WI 62, ¶4, 253 Wis. 2d 173, 646 N.W.2d 1 (when a statute "expressly sets forth the remedy to be granted" if a circuit court "fails to advise a defendant about deportation consequences as required by [the statute]," the court should grant the requested remedy).

¶44 For the foregoing reasons, I dissent.

¶45 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.