NEELY, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

No. 77–499–CR. Decided May 30, 1979.

(Also reported in 279 N.W.2d 255.)

For plaintiff in error: *Richard L. Cates,* state public defender, and *Steven P. Weiss,* assistant state public defender.

For defendant in error: *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

PER CURIAM.

The state of Wisconsin has petitioned for review of the decision of the court of appeals that affirmed Robert J. Neely's judgment of conviction

for first degree murder. That decision is published in *Neely v. State,* 86 Wis.2d 304, 272 N.W.2d 381 (1978).

The state seeks review of the court of appeals decision, even though it was favorable to the state, because the state disagrees with the rationale of the opinion on one issue. Neely contended that on the basis of his fifth amendment right protecting him against self-incrimination he did not have to answer certain questions on cross-examination because those questions related to incidents for which he faced armed robbery and burglary charges in another case. The court of appeals held that Neely was required to answer the questions on cross-examination because by testifying on direct examination Neely had waived his fifth amendment rights for purposes of the murder trial. However, the court of appeals also held that as to any cross-examination answers relating to the armed robbery and burglary incidents Neely was entitled to a limited use immunity so that his answers on cross-examination could not be used against him in a subsequent trial for burglary and armed robbery. The court of appeals explained that to avoid waiving his privilege for the subsequent trials the defendant need only file an appropriate and timely motion at that time the incriminating questions are asked. The state contends that the court of appeals erred in creating a limited use immunity.

The state does not challenge the court of appeals affirmance of Neely's judgment of conviction; the state only disagrees with the court of appeals rationale on the one issue. Neely argues that the state cannot petition for review of a favorable decision. Neely contends that because the state was the prevailing party the decision of the court of appeals is not adverse to the state and therefore under Rule 809.62(1) the state cannot petition for review. Neely argues that for policy reasons the prevailing party should not be able to appeal from a favorable decision because the decision in the

court of appeals must be treated with a presumption of finality; and because granting an appeal to a prevailing party would encourage continued litigation after the end of the real dispute and the litigation would be solely for law reform since the controversy between the parties would have been determined by the decision of the court of appeals. Neely also argues that in this case there is no reason for the state to petition for review because Neely has petitioned for review and his petition is sufficient to permit this court to review the decision rendered by the court of appeals. Neely contends that his petition for review is adequate to resolve any questions of law presented by the state.[1]

Regardless of the policy involved, the state or any other prevailing party in the court of appeals is not authorized by the statutes and the rules to petition this court for review of the decision. Sec. 808.10, Stats., provides that a decision of the court of appeals is reviewable by the supreme court. Pursuant to Rule 809.62(1) a party may petition to review an *adverse* decision by the court of appeals. The question that determines whether the state may petition to review this decision of the court of appeals is whether the word decision in sec. 808.10, Stats., and Rule 809.62(1) refers only to the disposition (or mandate) of the case by the court of appeals; or whether the word decision also includes the opinion of the court of appeals as well as the disposition.

Sec. 752.41(1) distinguishes between the decision and the opinion. That statute requires: "In each case, the court of appeals shall provide a written opinion containing a written summary of the reasons for the deci-

---

[1] Because in this case Neely concedes that if this court grants his petition for review the state can raise its issue, this court does not here reach or decide the question of whether in every case the winning party can challenge the reasoning in the court of appeals opinion upon the granting of the losing party's petition for review.

sion made by the court." Thus, the opinion explains the result reached by the court. The word decision, as used in the statutes and the rules, refers to the result (or disposition or mandate) reached by the court of appeals in the case. In the instant case, the result of the appeal was the affirmance by the court of appeals of Neely's judgment of conviction. The affirmance was not adverse to the state; and therefore, under Rule 809.62(1) the state cannot petition for review of the decision.

Because the decision is only the result reached by the court of appeals in a case, a party to whom the result is favorable may not petition for review of the decision simply because that party disagrees with the rationale expressed in the opinion.

In the instant case, because the state is not adverse to the decision of the court of appeals the state's petition for review is dismissed.