STATE of Wisconsin, Plaintiff-Respondent-Cross Petitioner,

v.

Heriberto CASTILLO, Jr., Defendant-Appellant-Petitioner.

Supreme Court

*No. 95–1628. Oral argument September 3, 1997.—Decided November 7, 1997.*

(Also reported in 570 N.W.2d 44.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Keith A. Findley* of the University of Wisconsin Law School, Madison.

For the plaintiff-respondent-cross petitioner the cause was argued by *Warren D. Weinstein,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

¶ 1. N. PATRICK CROOKS, J.    Petitioner seeks review of a published decision of the court of appeals reversing the circuit court's order committing him as a sexually violent person pursuant to Wis. Stat. ch. 980 (1993–94)[1] and remanding the case to allow him to withdraw his admission that he is a sexually violent person. After thorough review of the record and the briefs of the parties, and after having heard oral argument, we conclude this case does not present an adverse decision by the court of appeals as claimed by petitioner in his petition for review. Accordingly, the petition is dismissed as improvidently granted.

¶ 2. We recognize that the parties have expended a great deal of time and effort in presenting this case;

---

[1] All future references to Wis. Stats. will be to the 1993–94 version of the statutes unless otherwise indicated.

therefore, we will not dismiss the petition without explanation. *See Hoskins v. United States Fire Ins. Co.*, 180 Wis. 2d 534, 536, 509 N.W.2d 432 (1994) (Abrahamson, J., dissenting). A very brief rendition of the facts is therefore appropriate.

¶ 3.　On March 29, 1990, Heriberto Castillo, Jr. (Castillo) was adjudged delinquent based on two counts of first degree sexual assault. Prior to his scheduled release from the juvenile correction facility, the State filed a petition under Wis. Stat. § 980.02(4)(a), requesting an order detaining Castillo as a sexually violent person. Pursuant to a negotiated agreement, Castillo entered an admission that he was a sexually violent person, and the State agreed to recommend supervised community placement. The circuit court ordered Castillo placed in the community, in accordance with the statutory directive of placing such an individual in the least restrictive environment consistent with his needs. *See* Wis. Stat. § 980.06(2)(b).

¶ 4.　Numerous barriers arose in an attempt to place Castillo in the community, generally arising from public unrest surrounding Castillo's status as a sexually violent person and the unavailability of a facility in which to place him. As a result, the circuit court granted the State's motion to reopen and modify the dispositional order. A hearing was subsequently held, at which time the State withdrew its original recommendation and recommended institutional placement. The circuit court revised its order and committed Castillo to the Wisconsin Resource Center.

¶ 5.　Castillo appealed, arguing that Wis. Stat. ch. 980 is unconstitutional as applied because he was not afforded placement in the least restrictive environment, and that the circuit court erred in ordering institutional placement where the State was unwilling

to commit sufficient resources to provide community placement. Alternatively, Castillo argued that the State was bound by its initial agreement to recommend community placement.

¶ 6. The court of appeals reversed the circuit court, concluding the admission agreement was akin to a plea agreement, and that the State violated Castillo's due process rights when it breached the agreement. The court of appeals determined specific performance could not be accomplished and, therefore, remanded the case to allow Castillo to withdraw his admission.

¶ 7. Castillo petitioned this court for review, arguing that the court of appeals' decision was adverse because it did not address whether Wis. Stat. ch. 980 is unconstitutional as applied, nor did it address the lack of resource allocation for community placement. Castillo contends that, although the court of appeals' decision was favorable to the extent it addressed the State's breach of the admission agreement, the outcome was adverse because his primary forms of relief were not considered, namely, whether the case should be dismissed or community placement ordered.

¶ 8. Pursuant to Wis. Stat. § (Rule) 809.62(1), a party may petition this court "for review of an adverse decision of the court of appeals . . ." In *Neely v. State*, 89 Wis. 2d 755, 279 N.W.2d 255 (1979), this court addressed the issue of what constitutes a "decision" under Wis. Stat. § (Rule) 809.62(1). We held that "[t]he word decision, as used in the statutes and the rules, refers to the result (or disposition or mandate) reached by the court of appeals in the case." *Neely*, 89 Wis. 2d at 758. A court's ultimate decision is separate from the court's opinion, however, and a party may not petition this court for review if it merely "disagrees with the rationale expressed in the opinion." *Id.*

¶ 9.    Castillo argues he does not disagree with the rationale used by the court of appeals. Rather, he disagrees with the *outcome* of the case. Thus, he maintains that the court of appeals erred because it failed to address, and thereby denied, the primary forms of relief requested. Remand was not the primary result Castillo was seeking, and the outcome was therefore adverse to him, he contends.

¶ 10.    We are not persuaded that the "outcome" of a case may be differentiated from the result, disposition, or mandate. The court of appeals reversed the circuit court and remanded to allow Castillo to withdraw his admission, consistent with his alternative request for relief. Therefore, the mandate, or outcome, was favorable to him, and he may not properly petition this court for review.

¶ 11.    Castillo did not receive an adverse decision regarding his claims of improper placement and inadequate resources, because the court of appeals made *no decision* on those issues. Those issues were not addressed and denied; rather, the court found it wholly unnecessary to reach them.

¶ 12.    The court of appeals was not required to address each of the issues raised and each of the forms of relief requested by Castillo. An appellate court should decide cases on the narrowest possible grounds. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). Consistent with this rule is the recognition that a court will not reach constitutional issues where the resolution of other issues disposes of an appeal. *See Grogan v. Public Serv. Comm'n*, 109 Wis. 2d 75, 77 325 N.W.2d 82 (Ct. App. 1982).

¶ 13.  We recognize there are potentially compelling constitutional issues that may subsequently arise in this case. However, the court of appeals has reversed the circuit court's order of commitment and remanded the case to allow Castillo to withdraw his admission. Because this case does not present an adverse decision by the court of appeals, as claimed by Castillo in his petition for review, we conclude review was improvidently granted.

*By the Court.*—The petition for review is dismissed.