STATE of Wisconsin, Plaintiff-Respondent,†

v.

Rory A. MCKELLIPS, Defendant-Appellant.

Court of Appeals

*No. 2014AP827–CR. Oral argument February 4, 2015.*
*—Decided March 17, 2015.*

2015 WI App 31

(Also reported in 864 N.W.2d 106.)

† Petition for Review filed.

774

775

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas E. Brown, Kathryn A. Keppel* and *Emily I. Lonergan* of *Gimbel, Reilly, Guerin & Brown LLP*, Milwaukee. There was oral argument by *Thomas E. Brown*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Katherine D. Lloyd*, assistant attorney general, and *J.B. Van Hollen*, attorney general. There was oral argument by *Katherine D. Lloyd*.

Before Hoover, P.J., Stark and Hruz, JJ.

¶ 1. HOOVER, P.J. Rory McKellips appeals a judgment of conviction for use of a computer to facilitate a child sex crime contrary to WIS. STAT. § 948.075.[1] McKellips argues the State failed to prove he communicated with the victim via a "computerized communication system." Alternatively, he argues WIS. STAT. § 948.075 is unconstitutionally vague regarding the meaning of computerized communication system.[2] We conclude that the jury was improperly instructed concerning use of a computerized communication system, and that, consequently, the real controversy was not

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

[2] Independent of the issues concerning computerized communication systems, McKellips argues the trial court erroneously admitted other-acts evidence. Because we reverse and remand on other grounds, we do not reach this issue. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (appellate courts not required to address every issue raised when one issue is dispositive).

fully tried. We therefore reverse and remand for a new trial in the interest of justice.

## BACKGROUND

¶ 2. The State charged McKellips with repeated sexual assault of a child, exposing genitals or pubic area, and use of a computer to facilitate a child sex crime. It subsequently added a charge of obstructing an officer. A jury acquitted McKellips of the repeated sexual assault and exposing charges, but convicted him of the computer-related and obstruction charges. Only the computer-related charge is at issue in this appeal.

¶ 3. Prior to trial, McKellips moved to dismiss the computer-related charge on grounds that no reasonable jury could conclude he committed the offense by use of his flip-style cell phone. Alternatively, he argued the statute was unconstitutionally vague. His motion asserted his cell phone had no independent internet capabilities. The trial court denied the motion, and we rejected McKellips' request for an interlocutory appeal.

¶ 4. At trial, the State presented evidence that McKellips and the victim exchanged calls and text messages via their respective cell phones. McKellips communicated via a Motorola flip-style cell phone, with prepaid service through TracFone. The State elicited expert testimony from Ryan Kaiser, a cell phone repair company owner and employee. Kaiser testified that phone calls and text messages on McKellips' phone would use the "voice" side of the cell phone network, whereas picture messages or other internet use would utilize the "data" side of the network. Kaiser explained that McKellips' phone had some limited

internet capability, and that if internet data was accessed, McKellips' account would have been charged minutes/units. Kaiser also explained that the phone had various logic, arithmetic, and memory functions, and he confirmed that those functions involved electronic or magnetic impulses. The only evidence that McKellips ever utilized the phone's internet capability was that the victim sent him some picture messages, which McKellips may have downloaded to his phone.[3]

¶ 5. Prior to deliberating, the jury received the pattern jury instruction for the computer-related charge. That instruction lists the elements the State must prove, including that, "The defendant used a computerized communication system to communicate with an individual." *See* Wis JI—Criminal 2135 (Apr. 2013). Apart from the statute's title, neither the statute nor pattern instruction uses the term "computer." After reciting the pattern instruction, the court further instructed:

> Evidence has been received that the defendant communicated with a child under the age of 16 via a mobile or cellphone. *You must determine whether the phone described in the evidence constitutes a computerized communication system.*

---

[3] Kaiser explained that McKellips' phone would have indicated receipt of the picture messages, but that they would not be downloaded to the phone unless a user took action to do so. Officer Matt Wehn testified similarly. Additionally, after reviewing phone records, Wehn testified it "appeared" McKellips had downloaded ten picture messages because they were identified in the phone records. However, on cross-examination, Wehn acknowledged he was not an expert, he received no guidance from TracFone regarding interpreting the records, and the billing records showed McKellips had not been charged any minutes/units for accessing the picture messages.

To aid you in that determination, you are instructed that under Wisconsin law, a computer is defined as— computer is defined as computer, which means an electronic device that performs logical, arithmetic, and memory functions by manipulating electronic or magnetic impulses, and includes all input, output, processing, storage, computer software and communication facilities that are connected or related to a computer in a computer system or computer network. Computer system is defined as a set of related computer equipment, hardware, or software.

(Emphasis added.) McKellips was found guilty of the computer-related charge and now appeals.

## DISCUSSION

¶ 6. McKellips argues the State failed to prove he used a "computerized communication system" to communicate with the victim when using his flip-style cell phone. This is essentially a challenge to the sufficiency of the evidence, although it requires statutory interpretation. McKellips alternatively argues that Wis. Stat. § 948.075 is unconstitutionally vague regarding the meaning of computerized communication system. While we partially address McKellips' first argument, we do not resolve either issue. Rather, we determine that, because the jury was improperly instructed concerning use of a computerized communication system, the real controversy was not fully tried. *See State v. Hicks*, 202 Wis. 2d 150, 161, 549 N.W.2d 435 (1996) (we may grant new trial in the interest of justice upon our own motion).

*I. Interpretation of "computerized communication system"*

¶ 7. Interpretation and application of a statute to

780

undisputed facts presents a question of law subject to de novo review. *McNeil v. Hansen*, 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning. *Id.* Statutes must be interpreted in context, and reasonably, to avoid absurd results. *Id.*, ¶ 46. Further, a court must seek to avoid surplusage and give effect to every word in the statute. *Id.* Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history. *Id.*

¶ 8. The parties' dispute in this appeal centers on the meaning of "computerized communication system," as that term is used in WIS. STAT. § 948.075. The essence of McKellips' argument in his briefs was that "use of a mobile phone without independent internet capabilities is not use of a 'computerized communication system.' " (Capitalization omitted.) The State responded, without explication, that it had proved the cell phone was a computerized communication system. The State further asserted that it had proved the cell phone was capable of internet access "and that it appeared McKellips ha[d] used this capability." Again, the State failed to explain its assertions. Only in their respective constitutional-vagueness arguments did the parties offer any statutory interpretation. Dissatisfied with the parties' briefs, we ordered oral argument.

¶ 9. The parties' oral arguments bore little resemblance to the positions taken in their briefs. McKellips' counsel acknowledged at the outset that the cell

phone did, in fact, have the capability to access the internet. Although counsel persisted in arguing it was proper to first inquire whether the cell phone itself was a computerized communication system, he acknowledged that his better argument was that McKellips' use of the cell phone did not involve use of a computerized communication system. He argued that to constitute use of a computerized communication system, McKellips would have had to use the internet in some manner—as opposed to using the "voice" side of the cell phone network, which phone calls and text messages utilize. Additionally, despite failing to acknowledge as much in the briefs, counsel conceded he was making a sufficiency of the evidence argument.

¶ 10. The State, for its part, admitted it had mistakenly focused on the device McKellips used, due to erroneously considering the statute's title, which states "use of a computer." The State also acknowledged that the court's jury instruction asked the jury whether the phone itself was a computerized communication system. Further, the State agreed the legislature intended the term "computerized communication system" to have the same meaning in all three statutes where it is used,[4] including one enacted in 2014. The State ultimately took the position that, given its assumption that landline telephone networks are computerized in some manner, even use of landline telephones would qualify as use of a computerized communication system.

¶ 11. The legislature failed to define "computerized communication system" in Wis. Stat. § 948.075 or any other statute.[5] In addition to § 948.075, the legis-

---

[4] *See infra,* ¶ 11.

[5] We observe that the legislature provided various computer-related definitions in Wis. Stat. § 943.70, "Computer crimes," including the definitions of computer and computer

782

lature has used the term computerized communication system in two other statutes. The term first appeared in 1996, in Wis. Stat. § 947.0125 (1995–96), "Unlawful use of computerized communication systems."[6] *See* 1995 Wis. Act 353 ("**relating to**: use of electronic mail and other computerized communication systems and providing penalties"). The term next appeared in the statute at issue here, in 2001. *See* 2001 Wis. Act 109, § 904m. Additionally, the legislature recently used the term in 2014, in Wis. Stat. § 48.825 (2013–14), "Advertising related to adoption." *See* 2013 Wis. Act 314.

■■

¶ 12. The parties agree that, whatever the definition of "computerized communication system," it is the same in all three statutes where the legislature has used the term. The parties have offered no reasons why the term would be defined differently in the three statutes where it has been used, and we can think of no legitimate reason either. We have been unable to locate a definition for the term in any dictionaries or internet searches. We therefore conclude computerized commu-

---

system that the trial court used in its jury instruction. Those definitions, provided in 1982, appear not to have been revised since. *See* 1981 Wis. Laws, ch. 293, § 1. While the pattern jury instruction notes for Wis. Stat. § 948.075 reference these definitions, and the trial court here instructed the jury with two of those definitions, we do not find them particularly helpful in ascertaining the meaning of the term computerized communication system.

[6] In addition to creating Wis. Stat. § 947.0125, 1995 Wis. Act 353 also grouped the new statute together with the existing Wis. Stat. § 947.01 "Disorderly Conduct," and Wis. Stat. § 947.012 "Unlawful use of telephone," when amending Wis. Stat. § 66.051(1)(c), "Power of municipalities to prohibit criminal conduct."

nication system is a legislative term of art and must have the same meaning in all three instances where the legislature has used it.

¶ 13. While none of the three statutes using computerized communication system defines the term, the two not at issue here each provide one or more examples or characterizations of the term. WISCONSIN STAT. § 947.0125 uses the term thirteen times, in as many discrete paragraphs. In twelve of those instances, the statute refers to messages sent "on an electronic mail or other computerized communication system." Section 947.0125(2)(a)-(f), (3)(a)-(f). Additionally, in the thirteenth paragraph, it refers to messages sent "from any computer terminal or other device that is used to send messages on an electronic mail or other computerized communication system . . . ." Section 947.0125(3)(g).

¶ 14. Accordingly, the plain language of WIS. STAT. § 947.0125 informs the definition of computerized communication system in two ways. First, we know that one example of using such a system is sending email messages. Second, paragraph (3)(g) informs us that a computer or other device, i.e., hardware, cannot itself constitute a computerized communication system because that paragraph distinguishes the two.

¶ 15. The other statute utilizing the term computerized communication system provides more examples, as well as a category. WISCONSIN STAT. § 48.825 refers to communications "by any computerized communication system, including by electronic mail, Internet site, Internet account, or any similar medium of communication provided via the Internet." Additionally, the statute defines "Internet account" as "an account created within a bounded system established by an Internet-based service that requires a user to

input or store access information in an electronic device in order to view, create, use, or edit the user's account information, profile, display, communications, or stored data." Section 48.825(1)(c).

¶ 16. Accordingly, like Wis. Stat. § 947.0125, the plain language of Wis. Stat. § 48.825 informs the definition of computerized communication system in two similar ways. First, we know that use of such a system includes all of the examples and the category listed in the statute.[7] Second, because para. (1)(c) distinguishes between the "Internet account" example of computerized communication system and the "electronic device" used to access it, we know that the device itself cannot constitute such a system.

II. *Application of "computerized communication system"*

■

¶ 17. While we have not derived a complete definition of the term "computerized communication system," we have discerned examples or categories that clearly do or do not constitute such a system. This narrowing of the definition leads us to conclude the real controversy was not tried, due to an erroneous jury instruction.

¶ 18. "We possess a broad power of discretionary reversal pursuant to Wis. Stat. § 752.35 . . ., which

---

[7] It is unnecessary for our resolution of the present appeal to determine whether the phrase "or any similar medium of communication provided via the Internet" is merely one category of computerized communication systems, or whether that phrase instead limits the definition to only systems that use the Internet. We therefore leave resolution of that question for another day.

provides authority to achieve justice in individual cases."[8] *State v. Davis*, 2011 WI App 147, ¶ 16, 337 Wis. 2d 688, 808 N.W.2d 130, (citing *Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797 (1990)). The statute permits the court to order a new trial in the interest of justice on either of two grounds: (1) whenever the real controversy has not been fully tried; or (2) whenever it is probable that justice has for any reason miscarried.[9] *Vollmer*, 156 Wis. 2d at 16. "[U]nder the first category, when the real controversy has not been fully tried, an appellate court may exercise its power of discretionary reversal without finding the probability of a different result on retrial." *Id.*

¶ 19. There are two primary situations where courts have determined the controversy was not fully tried: where a jury was precluded from hearing evidence bearing on an important issue, and where a jury considered erroneously admitted evidence that clouded a crucial issue. *Hicks*, 202 Wis. 2d at 160. However,

---

[8] The discretionary reversal statute, WIS. STAT. § 752.35, provides:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may . . . remit the case . . . for a new trial . . . .

[9] Our supreme court has discretionary reversal authority under WIS. STAT. § 751.06.

> [T]he power of reversal under these statutes is identical. Accordingly, [supreme court cases that] interpret the supreme court's power to reverse judgments . . . under sec. 751.06, are equally applicable as interpretations of the court of appeals' power to reverse judgments under [WIS. STAT. §] 752.35.

*Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797 (1990).

other situations may also result in the real controversy not being fully tried, including "an error in the jury instructions or verdict questions." *Vollmer*, 156 Wis. 2d at 20. In fact, there are multiple instances where courts determined the real controversy was not fully tried due to an erroneous instruction and/or verdict form on a significant issue. *See, e.g., id.* at 22; *Air Wis., Inc. v. North Cent. Airlines, Inc.*, 98 Wis. 2d 301, 318, 296 N.W.2d 749 (1980); *Clark v. Leisure Vehicles, Inc.*, 96 Wis. 2d 607, 620, 292 N.W.2d 630 (1980); *Schulz v. St. Mary's Hosp.*, 81 Wis. 2d 638, 654–55, 260 N.W.2d 783 (1978). Accordingly, our supreme court has explained: "In a case where an instruction obfuscates the real issue or arguably caused the real issue not to be tried, reversal would be available in the discretion of the court of appeals under [WIS. STAT. §] 752.35." *Vollmer*, 156 Wis. 2d at 22.

¶ 20. Prior to deliberating, the jury received the pattern jury instruction for WIS. STAT. § 948.075. That instruction lists the elements the State must prove, including that, "The defendant used a computerized communication system[] to communicate with an individual." WIS JI—CRIMINAL 2135 (Apr. 2013). After reciting the pattern instruction, the court further instructed:

> Evidence has been received that the defendant communicated with a child under the age of 16 via a mobile or cellphone. *You must determine whether the phone described in the evidence constitutes a computerized communication system.*

(Emphasis added.) The court immediately thereafter provided the jury with a definition of computer, as defined per "Wisconsin law."

¶ 21. However, as our above interpretation reveals, a cell phone or other device, itself, can never constitute a computerized communication system. The jury was therefore misdirected and given an impossible task. Moreover, providing the definition of computer immediately after the erroneous instruction made it all but inevitable that the jury would conclude the cell phone was a computerized communication system, because the cell phone indisputably met the provided definition of computer.

¶ 22. The jury was asked whether McKellips' cell phone, itself, constituted a computerized communication system. Instead, the court should have asked the jury whether McKellips' various alleged uses of the cell phone constituted communication via a computerized communication system.[10] This question was the primary issue at trial. We therefore conclude the real controversy was not tried, and we grant McKellips a new trial in the interest of justice.

*By the Court.*—Judgment reversed and cause remanded.

---

[10] Given the disputed definition of computerized communication system, the court and the parties might consider whether a special verdict question would be appropriate with respect to each of McKellips' three alleged types of cell phone communication, i.e., MMS picture messages, SMS text messages, and voice calls.