PER CURIAM.
¶1 Timothy Reichling, by counsel, appeals a judgment convicting him of two counts of possession of child pornography, after he entered guilty pleas. Reichling contends that the circuit court erred by denying his motion to suppress evidence seized during the execution of what Reichling argues was an invalid search warrant. We reject Reichling's argument and affirm the judgment of the circuit court.
BACKGROUND
¶2 The State charged Reichling with multiple felonies, including three counts of sexual exploitation of a child and five counts of possession of child pornography.[1] The charges were based on evidence seized during the execution of two search warrants, including images and video recordings. One search warrant was for the premises located at 14265 County Road F in Darlington, which was owned by Reichling's parents. The other warrant pertained to 14335 County Road F in Darlington, owned by Reichling's brother. More specifically, the warrant for 14335 County Road F authorized the search of "a tan trailer with brown window shutters which sits at the end of a long drive on the property."
¶3 Reichling moved to suppress the evidence obtained during the searches, arguing that police lacked a basis to seize anything other than cell phones and that police also lacked a basis to search the trailer. The circuit court denied the suppression motion, and Reichling entered guilty pleas to two counts of possession of child pornography. The circuit court sentenced Reichling to one year of initial confinement and nine years of extended supervision on each count, to run concurrent to one another but consecutive to his federal sentence. This appeal follows.
DISCUSSION
¶4 On appeal, Reichling challenges only the warrant issued for the search of the trailer at 14335 County Road F. He argues that the warrant was not supported by probable cause and that, therefore, the circuit court erred when it denied his suppression motion.
¶5 "A judge shall issue a search warrant if probable cause is shown." WIS. STAT. § 968.12(1) (2017-18).[2] "In reviewing whether there was probable cause for the issuance of a search warrant, we accord great deference to the determination made by the warrant-issuing magistrate." State v. Ward , 2000 WI 3, ¶21, 231 Wis. 2d 723, 604 N.W.2d 517. The magistrate's determination will stand unless the party challenging the warrant proves that the facts are clearly insufficient to support a finding of probable cause. Id. We must determine whether the issuing judge was " 'apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched.' " State v. Kerr , 181 Wis. 2d 372, 378, 511 N.W.2d 586 (1994) (quoted source omitted).
¶6 In this case, the facts considered by the judge in issuing the warrant for the search of the trailer at 14335 County Road F were contained in an affidavit submitted by Sergeant Tony Ruesga, the police officer who filed the warrant application. The warrant affidavit stated the following facts, on the basis of knowledge "originated through personal investigation, personal observation, and a review of the official reports and records of the Darlington Police Department."
¶7 A minor known as K.C. reported to Ruesga that, when she was fourteen years old, she connected with an individual named "Nathan Solman" on Facebook. At the request of "Solman," K.C. began to send him naked pictures of herself, using her cell phone. K.C. told Ruesga that she sent more than 300 pictures of herself in sexual positions to "Solman" between August 2010 and July 2012, when she was fourteen and fifteen years old. K.C. said that "Solman" knew how old she was and that K.C. believed she was sending the pictures to someone her own age. K.C. tried to stop sending naked pictures to "Solman," but he threatened to show the pictures of K.C. he already had in his possession to others if she did not continue sending him pictures.
¶8 According to the warrant affidavit, K.C. and "Solman" arranged to meet in person in K.C.'s back yard in July 2012. K.C. told Sergeant Ruesga that the man who came to meet her was approximately thirty years old and was not the person she "knew" from her online Facebook relationship. The encounter lasted only a few minutes because K.C.'s stepfather came outside and the man left. The warrant affidavit states that K.C.'s description of the person she met in the back yard resembles Reichling's description.
¶9 The warrant affidavit also states that police obtained information from subpoena requests of records maintained by Facebook and by CenturyLink. From that information, Ruesga learned that an internet protocol (IP) address associated with the Facebook account for "Nathan Solman" matched the IP address associated with the physical address of Reichling's parents, 14265 County Road F in Darlington.
¶10 According to the warrant affidavit, K.C. began to receive threatening text messages. Two of the text messages were received when K.C. was at a swimming pool, and the sender indicated that he was watching K.C. there. From a subpoena request of cell phone records, police were able to determine that the messages came from a phone number registered to Reichling.
¶11 Ruesga avers in the warrant affidavit that he learned from Reichling's probation agent that Reichling stayed in a bedroom in the basement of his parents' home. Public records showed that, as a result of a 1993 conviction of second-degree sexual assault, Reichling is a registered sex offender. Records also showed that the address of Reichling's parents, 14265 County Road F, was the address where Reichling received his mail and was also the address he reported to the Department of Corrections for purposes of sex offender registration.
¶12 The warrant affidavit further states that Ruesga learned from a confidential informant that Reichling may also have been living in a trailer located on neighboring property owned by Reichling's brother, at 14335 County Road F. One day before police sought the search warrant for the trailer, the informant reported seeing Reichling leave the trailer. The affidavit further states that police had photographs depicting vehicles parked outside the trailer, and that a record check showed that the vehicles were currently or previously registered to Reichling.
¶13 We first address Reichling's argument that the warrant application does not contain any information establishing the reliability of the confidential informant who told police that Reichling may be living in the trailer. We disagree. The informant's statement that Reichling may have been living in the trailer was corroborated by the photographs showing vehicles parked outside the trailer that were currently or previously registered to Reichling.
¶14 We now address more generally whether the affidavit contains probable cause.
¶15 The affidavit information summarized above easily supports the search of any space where Reichling might reasonably be thought to have stored computer equipment or other evidence of his contacts with K.C. The only remaining question here is whether the trailer was such a place. We conclude that it was.
¶16 We have already described Reichling's connections to the trailer. We now add that, even if Reichling primarily resided next door at his parents' home, it was reasonable to infer that Reichling kept evidence of his criminal activity relating to K.C. in the trailer. First, it is reasonable to infer that Reichling kept or saved the hundreds of naked, sexually suggestive images of K.C. somewhere. Second, public records showed that Reichling was a registered sex offender with a reported address of his parents' home, where his privacy was likely limited. We conclude, from the totality of the circumstances, that there was a fair probability that Reichling had access to and was using the trailer on his brother's property, and that evidence of his crimes would be found there. See State v. Popp , 2014 WI App 100, ¶28, 357 Wis. 2d 696, 855 N.W.2d 471 (a "totality of [the] circumstances" standard is employed to determine whether there is a fair probability that evidence or contraband will be found in a particular place).
¶17 Based on all of the above, we are satisfied that there was probable cause for the issuance of a search warrant for the trailer located at 14335 County Road F. Therefore, we affirm the circuit court's denial of Reichling's motion to suppress evidence obtained from the search of that trailer.
By the Court.-Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The State also charged Reichling with three counts of violation of Wis. Stat. § 948.14(2)(a) (2011-12), which prohibited a registered sex offender from photographing a minor without consent, but that statute was later held to be unconstitutional and, therefore, the State agreed to dismiss those counts. See State v. Oatman , 2015 WI App 76, ¶19, 365 Wis. 2d 242, 871 N.W.2d 513.

All further references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.