COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1878**

Cir. Ct. No. **2019CV37**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

WENDELL L. KLEIN AND CARLTON KLEIN,

PLAINTIFFS-APPELLANTS,

V.

TOWN OF TREMPEALEAU, RICK NEMITZ, DENNIS BORTLE AND TED KONKEL,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Trempealeau County: THOMAS W. CLARK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Wendell and Carlton Klein appeal a summary judgment granted in favor of the Town of Trempealeau, the Town chairman, and two Town supervisors (collectively "the Town"). The Kleins challenge an ordinance prohibiting "scare guns" used to protect crops on their farming operation from blackbirds and other predatory creatures. We conclude the Kleins' claims are barred by the rule against collateral attack, as well as the doctrine of claim preclusion. We therefore affirm.

## BACKGROUND

¶2     Scare guns are automatic propane cannons that fire a loud bang sound at regular intervals to scare away birds and predators that cause damage to corn and other cash crops. The Kleins began using scare guns in 1962, when the area surrounding their farm was almost exclusively used for agriculture. During the ensuing years, however, individual property owners built houses in the vicinity and raised complaints that led the Town to promulgate an ordinance in 2013 requiring any person wishing to use a scare gun to obtain a permit regulating its use. The Kleins then applied for—and apparently obtained—a permit to operate scare guns on their property. The Kleins were subsequently cited for violating the ordinance by operating a scare gun at an angle less than forty-five degrees from a neighboring property line.

¶3     The circuit court denied the Kleins' motion to dismiss the citations, and we affirmed on appeal. *See* ***Town of Trempealeau v. Klein***, No. 2014AP2719, unpublished slip op. (WI App Aug. 18, 2015). We concluded: (1) the Kleins had an undisputed right to farm their property, but they did not have a vested right to employ a particular farming practice such as a scare gun; (2) the ordinance did not amount to a regulatory taking; (3) the scare gun

ordinance did not conflict with the "Right To Farm" law; and (4) the scare gun ordinance was not arbitrary or capricious. *Id.*, ¶¶16, 19, 32, 37.

¶4    A new scare gun ordinance was enacted in 2017, prohibiting all scare guns within the Town, without exception. The Kleins continued to use their scare guns, and numerous citations were issued to the Kleins for the continued violations.

¶5    The Kleins commenced a declaratory judgment action against the Town while the prosecution of the ordinance violations was pending. The Kleins again claimed that the scare gun ordinance was an unconstitutional taking; the ordinance was arbitrary and capricious; the ordinance was preempted by the Right to Farm law; and they had a vested right to use scare guns. The circuit court found the ordinance valid and enforceable, and it dismissed the complaint in its entirety. The Kleins appealed the decision, but they later voluntarily dismissed the appeal and pleaded guilty to the ordinance violations.

¶6    The Kleins then commenced the present action. They once again alleged four claims: (1) the ordinance was an unconstitutional taking of property; (2) the ordinance was arbitrary and capricious; (3) they had a vested right to use scare guns; and (4) the ordinance violated the Right To Farm law. The Town sought summary judgment, arguing that the rule against collateral attacks on judgments required dismissal of the suit and that the matter was barred by the doctrine of claim preclusion. The circuit court agreed and it granted summary judgment dismissing the claims. The Kleins now appeal.

**DISCUSSION**

¶7      In general, a judgment is binding on the parties and may not be attacked in a collateral action unless it was procured by fraud. ***Oneida Cnty. DSS v. Nichole W.***, 2007 WI 30, ¶28, 299 Wis. 2d 637, 728 N.W.2d 652. Wisconsin courts have generally disfavored allowing collateral challenges to judgments because they disrupt the finality of prior judgments—and thereby tend to undermine confidence in the integrity of our procedures, and also because they inevitably delay and impair the orderly administration of justice. ***Id.***

¶8      Here, the Kleins do not attempt to address the rule against collateral attacks on judgments, despite the fact that the same 2017 ordinance is at issue here as in the prior declaratory action they filed, and the Kleins previously put forth the same theories as to why the ordinance is invalid. The Kleins may not use this case to effectively revive the appeal they voluntarily dismissed in the prior case or to otherwise collaterally attack the prior judgment. The circuit court correctly concluded the Kleins' claims were barred by the rule against collateral attacks.

¶9      We also conclude the Kleins' claims are barred by the doctrine of claim preclusion. Whether an action is barred by claim preclusion is a question of law this court reviews de novo. ***Teske v. Wilson Mut. Ins. Co.***, 2019 WI 62, ¶20, 387 Wis. 2d 213, 928 N.W.2d 555. We also review a summary judgment determination independently. ***Id.***, ¶21. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ***Id.***

¶10     Three elements are required to bar an action as claim precluded: (1) identity of the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) a final

judgment on the merits in a court of competent jurisdiction. *Id.*, ¶25. Claim preclusion is broader than the rule against collateral attacks because claim preclusion is not limited to claims that were actually litigated in the prior action—it also applies to claims that could have been litigated. *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶¶26-27, 282 Wis. 2d 582, 698 N.W.2d 738.

¶11    It is undisputed that the first two elements of claim preclusion are satisfied in this case. The Kleins argue, however, that the dismissal of their claims in the prior lawsuit was not a judgment on the merits. They claim the prior case was dismissed because their former attorney failed to develop a record in opposition to summary judgment. Thus, despite this case being the third civil lawsuit between the parties regarding an ordinance banning the use of scare guns, the Kleins argue they never received their proverbial day in court.

¶12    Regarding the merits, the Kleins fail to appreciate the circuit court's lengthy decision in the prior matter. The court determined that the scare gun ordinance did not constitute a regulatory taking because the Kleins were still able to use their property for numerous purposes. It also concluded the ordinance was not arbitrary and capricious because the Town had validly set forth its purpose, authority and findings that scare guns are harmful to the public's health, safety, and welfare. The court further concluded the Kleins did not have a vested right to use scare guns because the 2017 ordinance was not a zoning ordinance. The court also held that the Right to Farm law did not prohibit the ordinance because that law was only applicable in an action where there is a legal claim of nuisance against the farm operation, which was not alleged in the present matter.

¶13    The dismissal of the Kleins' prior lawsuit was, therefore, based on substantive grounds. Moreover, the circuit court explicitly stated that the Kleins'

claims were dismissed "on the merits." There is no basis for the argument that the prior lawsuit was dismissed on procedural grounds.[1]

¶14    Nevertheless, the Kleins argue, for the first time in their reply brief, that an "extraordinary reason" warrants a limited exception to the claim preclusion doctrine because the Kleins "are the only citizens targeted and affected by the Ordinance," as they are the only farmers who use scare guns in the town. Thus, "they are the only parties with standing to challenge the constitutionality of the Ordinance." The Kleins contend, "Unless the rare exception is found in this case, a potentially unconstitutional Ordinance may stay in place and chill the activities of future farmers to use scare guns to protect their crops in order to make his or her family farm viable."

¶15    We conclude, however, that the proposed exception would swallow the rule of claim preclusion. While the Kleins express dissatisfaction with their former attorney as part of their argument—which may provide a basis for a legal malpractice claim—that dissatisfaction does not provide a basis for them to relitigate their claims against the Town. Contrary to the Kleins' arguments, the elements of claim preclusion are met here: the Kleins filed this action despite the same claims having previously been dismissed against the same parties, on the

---

[1] The Town argues that the dismissal of the prior lawsuit "would have been 'on the merits' for purposes of claim preclusion even if it had been based on 'procedural grounds.'" The Town contends, "Even a default judgment is a judgment 'on the merits' for purposes of claim preclusion, despite being purely procedural in nature." In support of this argument, the Town cites *Menard, Inc. v. Liteway Lighting Products*, 2005 WI 98, ¶¶28-29, 282 Wis. 2d 582, 698 N.W.2d 738. Because we conclude the dismissal of the Kleins' prior lawsuit was based on substantive grounds, we need not address this argument. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997).

merits, and by the same court. As such, the circuit court properly granted summary judgment dismissing the present case.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).